[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12591
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00006-CR-T-26MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO AGUILAR-ORTIZ,
a.k.a. Alejandro Ortiz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 31, 2006)**

Before TJOFLAT, BARKETT and GOODWIN[*], Circuit Judges.

_____

[*]The Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

BARKETT, Circuit Judge:

Alejandro Aguilar-Ortiz appeals his sentence of thirty months imprisonment, imposed following a guilty plea, for being found in the United States after deportation, in violation of 8 U.S.C. § 1326. Over Aguilar-Ortiz's objection, the district court applied a 12-level enhancement under U.S. Sentencing Guidelines § 2L1.2(b)(1)(B) for a prior conviction of a "drug trafficking offense." The prior conviction enhancement was based on a conviction in Florida state court for solicitation to deliver cocaine.[1] Aguilar-Ortiz appeals his sentence, arguing that the district court erred in treating solicitation as a drug trafficking offense and that his sentence is unreasonable.

We review questions of law with respect to the district court's application of the Sentencing Guidelines de novo. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). Where the district court incorrectly calculates a defendant's Guidelines range because of legal error, we remand for resentencing because the Supreme Court's decision in Booker "at a minimum, obliges the District Court to calculate correctly the sentencing range prescribed by the Guidelines." Id.

Whether solicitation constitutes a drug trafficking offense for purposes of

---

[1]With a 3-level reduction for acceptance of responsibility, Ortiz's adjusted offense level was 17, which, combined with his criminal history category III, resulted in an advisory guidelines range of 30 to 37 months imprisonment. The court imposed a sentence of 30 months' imprisonment.

U.S. Sentencing Guidelines § 2L1.2(b)(1)(B) is a question of first impression in our Circuit. Section 2L1.2(b)(1)(B) provides that if a defendant previously was deported, or unlawfully remained in the United States, after conviction for a "felony drug trafficking offense" for which the sentence imposed was 13 months or less, the offense level should be increased by 12 levels. The Guidelines do not themselves define the term "drug trafficking offense" in regard to the enhancement. However, the application notes define a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). The notes also provide that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." The Notes do not mention whether solicitation should be counted under subsection (b)(1). Id. cmt. n.5.

The facts regarding Ortiz's prior conviction for solicitation to deliver cocaine as set forth in the PSI were admitted by Ortiz at sentencing and are undisputed. According to the PSI, Ortiz solicited an undercover police officer to

3

sell him $30 worth of crack cocaine. He was arrested after the officer sold him said amount of counterfeit crack cocaine. Aguilar-Ortiz was convicted of solicitation of the delivery of drugs, in violation of Fla. Stat. § 777.04(2), which states that "[a] person who solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation," and § 893.13(1)(a), which makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." The question presented is whether this offense constituted a drug trafficking offense for purposes of the Sentencing Guidelines. We conclude that, under these facts, the district court erred in applying the enhancement for a prior drug trafficking offense.

Generally, in determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a "categorical" approach, which means that we look no farther than the judgment of conviction. See United States v. Spell, 44 F.3d 936, 939 (11th Cir. 1995); Taylor v. United States, 495 U.S. 575, 602 (1990).[2] However, where the judgment of conviction and statute are ambiguous,

_____

[2]In Taylor, the Supreme Court was faced with determining whether Congress intended a defendant's prior conviction for second-degree burglary under Missouri law to qualify as a

4

i.e., the determination whether a prior conviction is a qualifying offense from the face of the judgment itself is impossible, we remand for the district judge to look at the facts underlying a state conviction. See United States v. Krawczak, 331 F.3d 1302, 1306 (11th Cir. 2003) (citing United States v. Spell, 44 F.3d 936 (11th Cir. 1995)).[3] In examining the facts underlying a prior conviction to determine whether

"violent felony" for purposes of enhancing his sentence under the Armed Career Criminal Act ("ACCA"). The government had successfully argued before the Eighth Circuit that by listing "burglary" as a "violent felony" in the ACCA, Congress intended "burglary" to be defined however a state chose. Taylor, 495 U.S. at 579 (citations omitted). In reversing, the Court concluded that the ACCA's use of "burglary" was not intended by Congress to encompass any crime labeled a "burglary" under state law. Rather, "burglary" under the ACCA encompassed only crimes fitting the generic or contemporary meaning of burglary, to wit: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598.

Having reached this conclusion, the Court recognized that it was then faced with "the problem of applying this conclusion to cases in which the state statute under which a defendant is convicted varies from the generic definition of 'burglary.'" Id. at 599. Recognizing the "practical difficulties and potential unfairness of a factual approach" in which mini-trials might have to be conducted to determine whether the defendant indeed had been convicted of the requisite prior crime, the Court held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id. at 602.

[3]Although Taylor was an ACCA case, this court applied and followed it in Spell, 44 F.3d at 939-40. In Spell, the ambiguity of the conviction and the statute under which Spell was prosecuted required the sentencing court to look behind the judgment of conviction. 44 F.3d at 939. The judgment of conviction entered into through a plea agreement stated the offense as a "burglary of a structure," yet the statute under which he was convicted encompassed three different burglary scenarios, all of which could be a burglary of a structure. Id. at 939-40. The sentencing court could not determine from the conviction and statute whether Spell burglarized a dwelling, which would subject him to a guidelines enhancement, or unaggravated burglary of a structure, which would not. Accordingly, we remanded for the district court to examine " easily produced and evaluated court documents, including the judgment of conviction, charging papers, plea agreement, presentence report adopted by the court, and the findings of a sentencing judge." Id.

5

it qualifies for a sentencing enhancement, our cases, relying on Taylor, have held

that sentencing courts may rely only on a limited set of materials. In Shepard v.

United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), the Supreme Court clarified

Taylor, holding that a court may rely only on the "charging document, written plea

agreement, transcript of plea colloquy, and any explicit factual finding by the trial

judge to which the defendant assented." Shepard, 125 S. Ct. at 1257.[4]

---

[4]We are not concerned here with Shepard's applicability to an advisory guidelines scheme. We have held that there is no constitutional error when a district court applies the Sentencing Guidelines in an advisory manner. See United States v. Chau, 426 F.3d 1318 (11th Cir. 2005). On the other hand, we view Shepard as applying and refining the evidentiary analysis of Taylor. Under the Taylor line of cases in this Court, evidentiary limitations on the district court's application of sentencing enhancements apply in both ACCA and non-ACCA cases. See, e.g., Spell, 44 F.3d at 939 (holding that the reasoning in Taylor "applies with equal force to decisions under §§ 4B1.1 and 4B1.2"); see also United States v. Krawczak, 331 F.3d 1302, 1306 (11th Cir. 2003) (applying reasoning in Taylor to the sentencing guidelines); United States v. Gay, 251 F.3d 950, 952 (11th Cir. 2001) (same and holding that the ability to look behind a state conviction in federal sentencing is "very limited"); United States v. Richardson, 230 F.3d 1297, 1300 (11th Cir. 2000) (applying reasoning in Taylor to the sentencing guidelines). We see no meaningful distinction between the level of reliability in an analysis of a fact of a prior conviction for purposes of the ACCA and for purpose of the sentencing guidelines, as both require the same or similar factual analysis and raise similar concerns of reliability. We note that our sister circuits have applied Shepard to the Sentencing Guidelines notwithstanding their advisory nature after Booker. See United States v. Gutierrez-Ramirez, 405 F.3d 352 (5th Cir. 2005) (holding that Shepard's discussion should be used to determine whether a prior conviction is a "drug trafficking offense" under § 2L1.2 of the Sentencing Guidelines); see also United States v. Galloway, 439 F.3d 320, 323-24 (6th Cir. 2006) ("While Shepard involves the definition of a violent felony under the ACCA, we conclude that Shepard's holding is fully applicable to Sentencing Guideline cases that require a court to determine the nature of a prior conviction when the defendant has a prior conviction under a generic statute that may or may not serve as a predicate for a sentencing enhancement."); United States v. Kendrick, 423 F.3d 803, 808-09 (8th Cir. 2005); United States v. Lewis, 405 F.3d 511, 513-15 (7th Cir. 2005); United States v. Delaney, 427 F.3d 1224, 1226 (9th Cir. 2005); United States v. Washington, 157 Fed. Appx. 43 (10th Cir. 2005); United States v. Estevez, 419 F.3d 77 (1st Cir. 2005); United States v. Washington, 404 F.3d 834, 841 (4th Cir. 2005) (applying Shepard to the guidelines based on the Sixth Amendment).

Ortiz argues that solicitation of the delivery of drugs does not constitute a drug trafficking offense because in cases like his, where the defendant solicits the delivery of a "personal quantity amount" of drugs, there is no intent for the defendant to "to manufacture, import, export, distribute, or dispense" a controlled substance (or counterfeit substance). Ortiz further argues that because the Application Notes provide explicitly that eligible prior convictions include aiding and abetting, conspiracy, and attempt, we should infer from the omission of solicitation offenses that such offenses were not intended to be used to enhance under § 2L1.2(b).

In response, the government argues that the district court properly applied the enhancement because solicitation is sufficiently similar to the offenses of aiding and abetting, conspiracy, and attempt that solicitation should fall within the intended offenses covered by § 2L1.2, even if it is not mentioned explicitly. Although no Circuit has held that solicitation constitutes a drug trafficking offense, the Tenth Circuit recently held that solicitation is sufficiently similar to aiding and abetting, conspiracy, and attempt that "solicitation of an offense that otherwise meets the definition of 'crime of violence' is also a crime of violence" for purposes of the enhancement for crimes of violence under U.S. Sentencing Guidelines § 2L1.2(b)(1)(A). See United States v. Cornelio-Pena, 435 F.3d 1279, 1288 (10th

7

Cir. 2006).

We begin our analysis by evaluating the judgment of conviction and statute to determine whether the Florida statute under which Aguilar-Ortiz was convicted comports fully with the definition provided in the Application Notes.  See Krawczak, 331 F.3d at 1306.  We first note that defendants may be found guilty of the crime of solicitation in Florida on the basis of a wide range of conduct.  A conviction could be based on the solicitation of the delivery of enormous quantities of narcotics for redistribution.  However, a conviction could also be based on the solicitation of the smallest amount of drugs solely for personal use.  Thus the crime of solicitation cannot be considered as providing a categorical, or per se, basis for this enhancement.  Accordingly, whether a solicitation offense under Florida law qualifies as a drug trafficking offense under the enhancement depends on the facts of the case.[5]

In this case, the only conduct Ortiz has committed is the solicitation of a personal quantity amount of drugs – in essence, attempted possession without intent to distribute.  Cf.  Hutchinson v. State, 315 So. 2d 546 (Fla. 2d DCA 1975)

---

[5]Although the use of the term "drug trafficking" in the U.S. Sentencing Guidelines is what we must apply, we find persuasive support in the Florida statute defining a "trafficking" offense under Florida law, which limits trafficking offenses to those involving 28 grams or more of cocaine.  See Fla. Stat. § 893.135(1)(b) (2005).  Aguilar-Ortiz solicited only $30 worth of cocaine, which would not qualify as a "drug trafficking offense" under Florida law.

8

(explaining that Florida law does not recognize a crime of "attempted conspiracy," but rather prohibits such conduct as "solicitation"). Possession, both actual and attempted, fails to qualify as a drug trafficking offense under the Guidelines. See U.S. Sentencing Guidelines § 2L1.2. Solicitation of the delivery of a personal quantity amount of drugs is not different in kind from attempted possession, thus we should not treat them as such for purposes of the enhancement under § 2L1.2.

Furthermore, we find that solicitation of a personal quantity amount of drugs is different in kind from the other inchoate offenses listed in the Guidelines Application Notes. Solicitation of a personal quantity amount of drugs results solely in the distribution of drugs to the defendant. In such a case, the defendant has not himself engaged in the trafficking of drugs to others. In contrast, when a defendant commits the crime of attempted distribution, conspiracy to distribute drugs, or aiding and abetting the distribution of drugs, it is the defendant whose conduct may be characterized as the trafficking of drugs to another. These three offenses included within the Application Notes are thus quite different from the solicitation of a personal quantity amount. See United States v. Dolt, 27 F.3d 235 (6th Cir. 1994) (holding that solicitation is not a "controlled substance" offense under § 4B1.2 of the Guidelines because "[s]olicitation is not enumerated as a predicate offense in the Guidelines and Florida's solicitation statute is not

9

sufficiently similar to aiding and abetting, conspiracy or attempt to serve as a predicate 'controlled substance offense' as defined by § 4B1.2 of the Sentencing Guidelines"); cf. Salinas v. United States, --- S.Ct. ----, No. 05-8400, 2006 WL 1059408, at *1 (Apr. 24, 2006) (holding that Fifth Circuit erred in treating defendant's prior conviction for simple possession of a controlled substance as a "controlled substance offense" within meaning of career offender Sentencing Guideline).

Ultimately, we cannot say as a categorical matter that all solicitation offenses under Florida law either do or do not qualify as drug trafficking offenses. There may be some solicitation cases where a defendant has been convicted for soliciting a sufficiently large quantity of drugs that the sentencing court may infer a defendant's intent to distribute the drugs. In those cases, the district court may determine that the defendant's prior conviction for solicitation of the delivery of drugs constituted a drug trafficking offense so long as the court permissibly finds substantial evidence, on the basis of the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," Shepard, 125 S. Ct. at 1257, that the defendant manufactured, imported, exported, distributed, or dispensed of a controlled (or counterfeit) substance, or possessed a substance with the intent to

manufacture, import, export, distribute, or dispense it.  <u>See</u> U.S. Sentencing

Guidelines § 2L1.2 cmt. n.1(B)(iv).  This is not such a case.

Accordingly, we vacate the sentence imposed on the basis of the

enhancement and remand for resentencing.

**VACATED AND REMANDED.**