[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 1, 2010
JOHN LEY
CLERK

_____

No. 09-14537
Non-Argument Calendar

_____

D. C. Docket No. 09-20388-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

James Joseph appeals from his sentence for possession of a firearm as a convicted felon, a violation of 18 U.S.C. § 922(g)(1). On appeal, Joseph argues that his base offense level under U.S.S.G. § 2K2.1(a)(2) should have been two points lower because his previous conviction for battery on a law enforcement officer, pursuant to Fla. Stat. §§ 784.03 and 784.07, was not a crime of violence. In support of this argument, he points out that, in *State v. Hearns*, 961 So.2d 211 (Fla. 2007), the Florida Supreme Court held that battery on a law enforcement officer does not constitute a forcible felony for purposes of sentencing under Florida's violent-career-criminal statute, Fla. Stat. § 775.084.

For the reasons set forth below, we vacate and remand.

## I.

A federal grand jury indicted Joseph, charging him with the following offenses: (1) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (2) possession of a firearm on which the manufacturer's serial number has been removed or altered, in violation of 18 U.S.C. § 922(k). Joseph ultimately pled guilty to Count 1, without the benefit of a written plea agreement.

In preparing Joseph's pre-sentence investigation report ("PSI"), the probation officer found that Joseph's base offense level was 24 under U.S.S.G. § 2K2.1(a)(2) because he committed the present offense after sustaining two

previous felony convictions for either a crime of violence or a controlled substance offense. The officer found that Joseph's February 2007 conviction for battery on a law enforcement officer constituted a crime of violence, and that his 2005 conviction for possession with intent to distribute cocaine constituted a controlled substance offense. The probation officer also increased Joseph's offense level by four levels under U.S.S.G. § 2K2.1(b)(4)(B) because the firearm that he possessed had an altered or obliterated serial number. Finally, the officer decreased Joseph's offense level by three levels under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. Accordingly, the probation officer determined that Joseph's total offense level was 25 which, when combined with his criminal history category of VI, produced a guideline range of 110 to 137 months' imprisonment. The officer also noted, however, that pursuant to 18 U.S.C. § 924(a)(2), Joseph was subject to a statutory maximum sentence of 120 months' imprisonment. Thus, the officer concluded that Joseph's guideline range effectively was 110 to 120 months' imprisonment.

At sentencing, the court confirmed with Joseph that his only objection to the PSI was the probation officer's finding that his 2007 conviction for battery on a law enforcement officer constituted a crime of violence. The court overruled the objection, noting that precedent established that the Florida offense of simple

3

battery was a crime of violence. The parties agreed that Joseph's total offense level was 25, his criminal history category was VI, and that this guideline range was 110 to 120 months' imprisonment. The parties discussed the extent and nature of Joseph's criminal history, and Joseph apologized to the court for his offense. The court sentenced Joseph to a term of 110 months' imprisonment, stating that it had determined that a sentence at the low end of Joseph's guideline range was appropriate after its consideration of the advisory guideline range and the sentencing factors set forth in 18 U.S.C. § 3553(a). The court asked the parties if there were any objections to its factual findings or the manner in which it pronounced the sentence, and Joseph stated that he wished to preserve his argument that his battery conviction did not constitute a crime of violence within the meaning of § 2K2.1(a)(2).

## II.

"We review questions of law with respect to the district court's application of the Sentencing Guidelines *de novo*." *United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1272 (11th Cir. 2006). Pursuant to U.S.S.G § 2K2.1(a)(2), a defendant's base offense level for possessing a firearm as a convicted felon is 24 if he committed the offense after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G § 2K2.1(a)(2). If the

defendant committed the offense after sustaining only one felony conviction for a crime of violence or a controlled substance offense, his base offense level is 22. U.S.S.G. § 2K2.1(a)(3). For purposes of § 2K2.1, a "crime of violence" has the meaning given to the term under U.S.S.G. §§ 4B1.1 and 4B1.2, the career-offender guideline. U.S.S.G. § 2K2.1, comment. (n.1).

The career-offender guideline in §§ 4B1.1 and 4B1.2 provides that:

(a)    The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

    (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). We have noted that the definition of a "crime of violence" under §§ 4B1.1 and 4B1.2, and the definition of a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), are virtually identical, and that decisions addressing violent felonies under the ACCA thus provide important guidance in determining if a crime constitutes a crime of violence under the Guidelines. *See United States v. Rainey*, 362 F.3d 733, 735 (11th Cir. 2004).

"Generally, in determining whether a prior conviction is a qualifying offense

5

for enhancement purposes, we apply a 'categorical' approach, which means that we look no farther than the judgment of conviction." *Aguilar-Ortiz*, 450 F.3d at 1273. In some cases, however, the judgment of conviction and the relevant statute are ambiguous, and it is impossible to discern whether the previous conviction is a qualifying offense. *Id.* In these cases, "we remand for the district judge to look at the facts underlying a state conviction." *Id.* In making this determination, the district court "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005); *Aguilar-Ortiz*, 450 F.3d at 1273-74.

Under Florida law, an individual commits the crime of battery where he: "(1) [a]ctually and intentionally touches or strikes another person against the will of the other; or (2) [i]ntentionally causes bodily harm to another person. Fla. Stat. § 784.03(1). The crime normally constitutes a misdemeanor offense in the first degree. Fla. Stat. Ann. § 784.03(2). Where an individual commits battery against a law enforcement officer, however, the offense is upgraded to a third-degree felony. Fla. Stat. Ann. § 784.07(1)(d) and (2)(b).

In *United States v. Glover*, we held that the offense of battery on a law

6

enforcement officer, as defined by Fla. Stat. Ann. §§ 784.03 and 784.07,

constitutes a crime of violence under § 4B1.2. 431 F.3d 744, 749 (11th Cir. 2005).

Subsequently, in *Hearns*, the Florida Supreme Court held that battery on a law

enforcement officer did not constitute a forcible felony for purposes of sentencing

under Florida's violent-career-criminal statute, Fla. Stat. Ann. § 775.084. 961

So.2d at 214, 218. The Florida Supreme Court reasoned that the offense of battery,

as defined under §§ 784.03 and 784.07, would not invariably involve violent

conduct because an individual could commit the offense by simply tapping a police

officer on the shoulder without his consent. *Id.* at 219. In *United States v.*

*Johnson*, we held that, even after *Hearns*, a third-degree felony battery conviction

under §§ 784.03 and 784.07 constitutes a violent felony under the ACCA, though it

did not constitute a forcible felony under state law. 528 F.3d 1318, 1319-21 (11th

Cir. 2008), *rev'd*, *Johnson v. United States*, No. 08-6925 (U.S. Mar. 2, 2010).

The Supreme Court, however, recently reversed our decision in *Johnson*.

*Johnson*, No. 08-6925, slip. op. at 11-12. The Court held that, while *Hearns* is

controlling as to the definition of simple battery under state law, it is not binding as

to whether the offense constitutes a violent felony under the ACCA, which is a

matter of federal law. *Id.* at 3-4. The Court also held that, in order to constitute a

violent felony under the ACCA, an offense must involve "violent force"—*i.e.*,

7

"force capable of causing physical pain or injury to another person." *Id.* at 6. Noting that *Hearns* made clear that the offense of battery could be accomplished by mere unwanted, intentional touching, the Court held that battery did not constitute a violent felony when accomplished in this manner. *Id.* at 4-8, 11. Because nothing in the record of the defendant's battery conviction permitted a conclusion that the defendant sustained the conviction due to behavior amounting to more than mere unwanted touching, the Court held that the defendant's previous offense was not a violent felony. *Id.* at 2-3, 11-12.

Pursuant to the Supreme Court's recent decision in *Johnson*, we conclude that the Florida offense of simple battery, as defined by Fla. Stat. Ann. §§ 784.03 and 784.07, will not invariably constitute a crime of violence under the Guidelines. This is because, under the terms of the state statute, the defendant's underlying conduct could have involved the intentional infliction of bodily harm to another, but it also could have involved mere unwanted touching. Because the fact of the conviction and the elements of Florida's simple battery statute, standing alone, do not unambiguously establish that Joseph previously committed a crime of violence, the district court may consider the underlying conduct. In order to aid this consideration, the court may look to the charging document, a plea agreement, a plea colloquy in which Joseph assented to the factual basis for the plea, or a

comparable judicial record of this information. *See Shepard*, 544 U.S. at 26, 125 S.Ct. at 1263. If such documents are unavailable, *Johnson* instructs that it should be assumed that Joseph committed the battery offense by mere unwanted touching. *See Johnson*, No. 08-6925, slip op. at 2-3.

Accordingly, we vacate Joseph's sentence and remand for further proceedings consistent with this decision.

**VACATED AND REMANDED.**