[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13500
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00003-LC-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

JOSEPH RHASHAWN MCNEIL,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 9, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Joseph McNeil appeals his statutory maximum sentence of 120 months' imprisonment, imposed after being found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). McNeil's first trial, in which he testified, ended with a deadlocked jury and a mistrial. The jury at the second trial, in which McNeil did not testify, found McNeil guilty. During sentencing, the district court explicitly stated that the 120-month sentence was not enough, but that it was bound by the statutory maximum. For the first time on appeal, McNeil argues (1) that the district court erred in applying a two-level adjustment for obstruction of justice and (2) that the district court erred in determining that a Florida battery conviction was a "crime of violence."

Typically, we review questions of law regarding the district court's application of the Sentencing Guidelines *de novo*. *United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1272 (11th Cir. 2006). However, when a defendant makes an objection for the first time on appeal, we review the district court's sentence for plain error. *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009). The defendant has "the burden of establishing that (1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotation omitted) (alteration in original).

2

I.

The district court applied a two-level enhancement to McNeil's sentence for obstruction of justice under U.S.S.G. § 3C1.1 based on a purported jury finding that the government's testimony was more credible than McNeil's testimony. Although in the first trial his testimony conflicted with that of the government's, McNeil asserts that the district court was bound by the events of the second trial only, and was not permitted to consider his testimony from the first trial in making the obstruction of justice finding.

The government relies on *United States v. Pantle*, 637 F.3d 1172, 1177-78 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1091 (2011) for the proposition that, because the district judge stated on the record that he did not believe the 120-month statutory maximum was high enough, any error in calculating the defendant's sentence was harmless.[1] In addressing Pantle's appeal, we held that

[1] In *Pantle* the defendant had been convicted of being a felon in possession of a firearm and had been sentenced to 120 months' imprisonment. *Id.* at 1174. For sentencing purposes, the defendant's total offense level was 30, based in part on a Florida battery conviction and an Alabama attempted assault conviction. *Id.* His criminal history category was VI, based on 23 criminal-history points, for a total guideline range of 168 to 210 months, which was reduced to the statutory maximum of 120 months. *Id.* at 1174, 1178. At sentencing, the district court found that 120 months was not enough, and specifically stated:

> And while I'm not willing to find that this sentence is reasonable, it is the maximum permitted, and therefore, I do think that it will serve the sentencing purpose and meet the general goals of punishment and hopefully deter anyone else from similar criminal conduct.

we did not need to decide whether Pantle was correct about the convictions not being crimes of violence because he nevertheless failed to show a "reasonable probability" that the district court would have imposed a lower sentence. *Id.* We noted that, if Pantle was correct, his guideline range would have been 70 to 87 months, but that he still could have received the 120-month sentence because the court could have varied upward. *Id.* at 1178.

Here, as in *Pantle*, the district court indicated a desire to sentence the defendant to a sentence above the 120-month statutory maximum, stating that "[t]his sentence should be much higher than 120 months, but, unfortunately, I'm not in a position to impose it." Because the record fails to establishes that the district court would have sentenced McNeil to a lower sentence, McNeil has failed to show plain error. Accordingly, we affirm as to this issue.

## II.

McNeil argues for the first time on appeal that the district court should not have considered his Florida battery conviction as a "crime of violence," such as to raise his base offense level under U.S.S.G. § 2K2.1(a)(2). As with the first issue, it is McNeil's burden to demonstrate that the error affected the outcome of the

---

*Id.* at 1174. For the first time on appeal, Pantle alleged that the district court erred in determining that the Florida and Alabama convictions were crimes of violence, such as to raise his based offense level. *Id.*

proceedings. *Pantle*, 637 F.3d at 1177. As with the first issue, the plain-error standard applies because McNeil did not object to the district court's consideration of his Florida battery conviction. Furthermore, because McNeil is unable to demonstrate that there is a reasonable probability that he would have received a lower sentence, he has failed to establish plain error.

**AFFIRMED.**