[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16066
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00156-SCB-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC SAUCEDO-GARCIA,
a.k.a. Edwin Morales,
a.k.a. Cesar Pineda-Pineda,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2012)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Eric Saucedo-Garcia appeals his 30-month sentence for re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).  On appeal, Saucedo-Garcia argues that the district court plainly erred in applying a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) because his prior state conviction for cannabis possession is not a "drug-trafficking offense." The government concedes plain error and requests a limited remand so that the district court can resentence Saucedo-Garcia using the 4-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D).

Under U.S.S.G. § 2L1.2(b)(1)(B), the sentencing court imposes a 12-level increase in the base offense level if the defendant was deported following "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less . . . ."  U.S.S.G. § 2L1.2(b)(1)(B).  If the defendant was deported following "any other felony," the sentencing court applies a 4-level enhancement.  Id. § 2L1.2(b)(1)(D).

A "drug trafficking offense" is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or counterfeit substance) or the possession of a

2

controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Id. § 2L1.2 cmt. n.1(B)(iv). This Court has concluded that simple "[p]ossession, both actual and attempted, fails to qualify as a drug trafficking offense under the Guidelines." United States v. Aguilar-Ortiz, 450 F.3d 1271, 1275 (11th Cir. 2006) (concluding that solicitation of a personal quantity of a drug, which is essentially attempted possession without the intent to distribute, is not a "drug trafficking offense" under § 2L1.2(b)(1)(B)).

Because Saucedo-Garcia did not object to the § 2L1.2(b)(1)(B) 12-level enhancement at sentencing, our review is limited to plain error. See United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009). Plain error occurs when there is error, that is plain, that affects the defendant's substantial rights, and that seriously affects the fairness, integrity and public reputation of the judicial proceedings. United States v. Perez, 661 F.3d 568, 583 (11th Cir. 2011), cert. denied, 132 S. Ct. 1943 (2012). For error to be plain, it must be "plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007); see also United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Here, the 12-level enhancement was based on Saucedo-Garcia's having a Florida felony conviction for cannabis possession. However, Saucedo-Garcia was

3

convicted under Florida Statutes § 893.13(6)(a), Florida's simple possession statute.[1]  Under the explicit language of U.S.S.G. § 2L1.2(b)(1)(B) and the commentary thereto defining a "drug trafficking offense," as well as this Court's precedent in Aguilar-Ortiz, Saucedo-Garcia's simple possession conviction does not qualify as a "drug trafficking offense."  Thus, the district court committed error that is plain when it applied the § 2L1.2(b)(1)(B) 12-level enhancement.

Moreover, Saucedo-Garcia has shown that the error affected his substantial rights.  See United States v. Bennett, 472 F.3d 825, 831-32 (11th Cir. 2006) ("A substantial right is affected if the appealing party can show that there is a reasonable probability that there would have been a different result had there been no error.").  The parties requested a sentence within the guidelines range.  The district court complied and imposed a 30-month sentence.  While the 30-month sentence is at the low end of the incorrectly calculated guidelines range of 30 to 37

---

[1]Florida employs a three-tiered scheme for cannabis possession offenses, consisting of: (1) possession of cannabis, under Florida Statutes § 893.13(6), with less than 20 grams being a misdemeanor and 20 or more grams being a third-degree felony; (2) possession of cannabis with intent to sell, manufacture or deliver, under Florida Statutes § 893.13(1)(a)(2), which is also a third degree felony; and (3) cannabis trafficking possession, under Florida Statutes § 893.135, which requires the defendant to knowingly possess "in excess of 25 pounds" of cannabis or "300 or more cannabis plants."  Saucedo-Garcia was convicted of simple possession under Florida Statutes § 893.13(6)(a), the first tier of the scheme.  Cf. United States v. Madera-Madera, 333 F.3d 1228, 1231-32 (11th Cir. 2003) (concluding that defendant's Georgia conviction for methamphetamine possession under the highest tier of a similar "three-tiered scheme," that is, trafficking by possessing designated amount of drugs, was a "drug trafficking offense").

4

months, it is significantly outside the correctly calculated guidelines range of 10 to 16 months (calculated using the 4-level increase for "any other felony" under § 2L1.2(b)(1)(D)).  Although the district court has the discretion to impose a reasonable upward variance, a review of the record as a whole indicates that the district court here intended to impose a sentence within the applicable guidelines range.  Under the particular facts of this case, there is a reasonable probability that the district court would have sentenced Saucedo-Garcia differently had the offense level been calculated correctly under § 2L1.2.  See United States v. Frazier, 605 F.3d 1271, 1282-83 (11th Cir. 2010) (concluding that the third prong of the plain error test was satisfied where the sentence was at the high end of the miscalculated guidelines range, but outside the correctly calculated guidelines range).[2]

Accordingly, we vacate Saucedo-Garcia's sentence and remand for the limited purpose of resentencing in light of the correctly calculated advisory guidelines range.

**VACATED and REMANDED.**

---

[2]We note that this case is distinguishable from United States v. Pantle, 637 F.3d 1172 (11th Cir. 2011), in which the district court miscalculated the guidelines range, but imposed the statutory maximum sentence and indicated a desire to impose an even higher sentence.