[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12837
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00047-LMM-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO PINEDA-GOIGOCHEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 13, 2016)

Before WILSON, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Francisco Pineda-Goigochea appeals his 36-month sentence, imposed below the advisory guideline range, after he pled guilty to illegally re-entering the United States after having previously been removed, in violation of 8 U.S.C. § 1326(a) and (b)(2).  After reviewing the record and considering the parties' briefs, we find that the district court did not err in enhancing Pineda-Goigochea's offense level based on his prior conviction for cocaine trafficking in Georgia.  Despite Pineda-Goigochea's arguments to the contrary, controlling precedent holds that the Georgia crime of drug trafficking is a qualifying predicate offense for sentence enhancement under § 2L1.2 of the Sentencing Guidelines.  Accordingly, we affirm Pineda-Goigochea's sentence.

## I.

We review de novo whether a defendant's prior conviction constitutes a "drug trafficking offense" under § 2L1.2.  *See United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1272 (11th Cir. 2006).  Pursuant to § 2L1.2, a base offense level of eight applies to defendants convicted under 8 U.S.C. § 1326.  U.S.S.G. § 2L1.2(a).  Section 2L1.2(b)(1)(A) increases the guideline range by 16 levels if the defendant was removed after a conviction for a "drug trafficking offense for which the sentence imposed exceeded 13 months."

The Application Notes to § 2L1.2 define a "drug trafficking offense" to mean "an offense under federal, state, or local law that prohibits the manufacture,

2

import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 2L1.2 cmt. n.1(B)(iv). In Georgia, a person who "knowingly sells, manufactures, delivers, or brings into [Georgia] or who is knowingly in possession of 28 grams or more of cocaine . . . commits the felony offense of trafficking in cocaine." O.C.G.A. § 16-13-31(a)(1) (2003) (amended 2012).

## II.

On appeal, Pineda-Goigochea, who has a prior conviction for cocaine trafficking in Georgia, argues that his guideline offense level should not have been increased by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A), despite our holding to the contrary in *United States v. Madera-Madera*, 333 F.3d 1228 (11th Cir. 2003). In support, he avers that *Madera-Madera* has been abrogated by the Supreme Court's decision in *Moncrieffe v. Holder*, 569 U.S. __, 133 S. Ct. 1678 (2013). He also asserts the *Madera-Madera* panel did not use the categorical approach required by *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990), and related cases. We address each argument in turn.

### A. *Moncrieffe* Does Not Abrogate *Madera-Madera*

In *Madera-Madera*, we considered whether a conviction for possession of methamphetamine under Georgia's drug trafficking statute constituted a "drug

3

trafficking offense" under § 2L1.2(b)(1)(A).  333 F.3d at 1229–30.  We examined Georgia's three-tiered statutory scheme for punishing drug crimes and determined that Georgia considered "drug trafficking . . . a more serious offense than either simple possession or possession with intent to distribute."  *Id.* at 1231–32.  We also reasoned that the Georgia statute created a dividing line of 28 grams between possession, possession with the intent to distribute, and drug trafficking that recognized that someone with possession of such a significant quantity of drugs planned on distributing "and thereby 'trafficking' those drugs."  *Id.*  at 1232. Lastly, we rejected the defendant's argument that § 2L1.2's definition of "drug trafficking offense" required the statutory element of intent to distribute be actually present in the language of the statute of conviction, because the Sentencing Commission chose not to define a "drug trafficking offense" by its elements, but instead "by the type of conduct prohibited by the state statute."  *Id.* at 1233 (internal quotation marks omitted).

In *Moncrieffe*, the Supreme Court addressed whether a conviction under a Georgia statute that made it a crime to possess marijuana with intent to distribute met the definition of a drug trafficking aggravated felony under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43), which defines the term as any drug trafficking offense listed in 18 U.S.C. § 924(c)(2).  *See* 133 S. Ct. at 1683–84. The Court held that, when looking at whether a state conviction qualifies as an

aggravated felony under the INA, a court must determine whether the state offense is comparable to an offense listed under the INA. *See id.* at 1684. Because the conviction at issue could correspond to either a federal felony or misdemeanor, the conviction did not "necessarily" involve facts that corresponded to an offense punishable as a felony and did not qualify as an aggravated felony. *Id.* at 1686–87 (internal quotation marks omitted). Thus, the Supreme Court's *Moncrieffe* decision does not abrogate or supplant *Madera-Madera*, because it merely determined that Georgia possession of marijuana offense was a misdemeanor and, therefore, could not be an "aggravated felony" under the INA.

### B. *Madera-Madera* Comports with *Taylor*

Pineda-Goigochea next avers that, even if *Moncrieffe* did not supplant *Madera-Madera*, that decision is nevertheless not good law because it did not use the categorical approach required by the Supreme Court in *Taylor*, 495 U.S. 575, 110 S. Ct. 2143, and subsequent cases developing that approach. However, *Madera-Madera* did use, in essence, the categorical approach by performing an analysis of the elements of the Georgia drug trafficking statute. The reasoning, therefore, remains sound. Importantly, the reasoning in *Madera-Madera* has been used by this court in subsequent cases analyzing similar sentencing enhancement issues. For instance, in *United States v. James*, using the categorical approach, we determined that the defendant's prior conviction under Florida state law for

5

"trafficking in cocaine by possession of between 200 and 400 grams of cocaine," was a "serious drug offense" under the Armed Career Criminal Act. *See* 430 F.3d 1150, 1151–52, 1154 (11th Cir. 2005) (internal quotation marks omitted). We compared the case to *Madera-Madera* and concluded that the reasoning therein was controlling. *Id.* at 1154–55.

## III.

Accordingly, the district court did not err in enhancing Pineda-Goigochea's offense level based on his prior conviction for cocaine trafficking in Georgia because we previously held in *Madera-Madera* that the Georgia cocaine trafficking offense is a qualifying predicate offense under § 2L1.2(b)(1)(A). *Madera-Madera* has not been abrogated or otherwise overruled, and it is still controlling precedent. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."). Thus, the sentencing decision of the district court is hereby

**AFFIRMED.**

6