**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alonso ERIZA–GOMEZ, a.k.a. Alonso Pineda–Celis, a.k.a. Berlin Eriza–Gomez, Defendant–Appellant.**

No. 15–12323
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 29, 2016.

Jolee Porter, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Stephen Patrick Johnson, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alonso Eriza–Gomez appeals his 57–month sentence arising from his conviction for illegally re-entering the United States after previously having been removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). In sentencing Eriza–Gomez, the district court concluded that his prior conviction under Florida's cocaine trafficking statute—Fla. Stat. § 893.135(1)(b)—is a "drug trafficking offense" for purposes of § 2L1.2 of the United States Sentencing Guidelines.[1] Based on this finding, the district court imposed a 16–level sentencing enhancement on him pursuant to § 2L1.2. On appeal, Eriza–Gomez argues that the district court erred in imposing this enhancement because his Fla. Stat. § 893.135(1)(b) conviction is not a § 2L1.2 "drug trafficking offense." He also asserts that his sentence is substantively unreasonable. After reviewing the record and considering the parties' briefs, we conclude that the district court did not commit reversible error in sentencing Eriza–Gomez. Accordingly, we affirm.

I

We review de novo whether a defendant's prior conviction constitutes a "drug trafficking offense" under § 2L1.2. See United States v. Aguilar–Ortiz, 450 F.3d 1271, 1272 (11th Cir.2006). Section 2L1.2(b)(1)(A)(i) increases the guideline range for a defendant by 16 levels if the defendant was removed after a conviction for a "drug trafficking offense for which the sentence imposed exceeded 13 months" of imprisonment.[2] U.S.S.G. § 2L1.2(b)(1)(A)(i). The Application Notes to § 2L1.2 define a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance ... or the *possession* of a controlled substance ... with *intent to* manufacture, import, export, *distribute*, or dispense." Id. § 2L1.2 cmt. n. 1(B)(iv) (emphases added).

We hold that Eriza–Gomez's conviction for trafficking cocaine in violation of Fla. Stat. § 893.135(1)(b) is a "drug trafficking offense" under § 2L1.2 because it is an offense that prohibits the "possession of a controlled substance ... with intent to ... distribute." See id. This is dictated by our decisions in United States v. Madera–Madera, 333 F.3d 1228 (11th Cir.2003) and United States v. James, 430 F.3d 1150 (11th Cir.2005).

In Madera–Madera, we held that a conviction under Georgia's drug trafficking statute constitutes a § 2L1.2 "drug trafficking offense" because the statute (1) requires "possession of a *significant* quantity of drugs," (2) "infers an intent to distribute," and (3) treats trafficking as a "more serious offense ... than either simple possession or possession with intent to distribute." See 333 F.3d at 1231–32. Then, in James, we relied on Madera–Madera in determining that a violation of Fla. Stat. § 893.135(1)(b) likewise requires

---

**1.** Eriza–Gomez was convicted for trafficking between 200 and 400 grams of cocaine, in violation of Fla. Stat. § 893.135(1)(b)(1)(b).

**2.** Convictions under Fla. Stat. § 893.135(1)(b)(1)(b) have a "mandatory minimum term of imprisonment of 3 years." Thus, § 2L1.2(b)(1)(A)(i)'s "13–month" requirement is not at issue.

"possession of a significant quantity of drugs," "infers an intent to distribute," and treats trafficking as a "more serious offense ... than either simple possession or possession with intent to distribute." *See* 430 F.3d at 1154–55 (quoting *Madera–Madera*, 333 F.3d at 1232). Given the key similarities between Fla. Stat. § 893.135(1)(b) and Georgia's drug trafficking statute, we conclude that under *Madera–Madera* Eriza–Gomez's conviction is a § 2L1.2 "drug trafficking offense." Therefore, the district court did not err in imposing a 16–level enhancement pursuant to § 2L1.2.

## II

We apply the abuse of discretion standard to a defendant's claim that his sentence is substantively unreasonable. *See United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir.2010) (en banc). In reviewing a sentence for reasonableness, "we consider the final sentence, in its entirety, in light of the [18 U.S.C.] § 3553(a) factors." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir.2006). "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation mark omitted).

Considering the totality of the circumstances, the district court did not abuse its discretion when sentencing Eriza–Gomez. First, "[w]e ordinarily expect a sentence within the Guidelines range to be reasonable," and Eriza–Gomez's 57–month sentence is at the bottom of the applicable 57– to 71–month advisory guideline range. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir.2008) (per curiam).

Second, the sentence is well below the 20–year statutory maximum for convictions under 8 U.S.C. § 1326(b)(2). *United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir.2006) (reasoning that a sentence being "appreciably below" the statutory maximum is an indicator of reasonableness). Finally, this is Eriza–Gomez's fourth conviction for illegal entry into the United States—a fact that militates against a downward variance from Eriza–Gomez's advisory guideline range. *See* 18 U.S.C. § 3553(a) (listing the "history" of the defendant, the need for "adequate deterrence," and the need to "protect the public from further crimes of the defendant" as relevant sentencing factors).

In light of the foregoing, we affirm.

**AFFIRMED.**