**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Alfredo ARROYO-GORROSTIETA,
a.k.a. Alfredo Gorostieta Arroyo,
Defendant–Appellant.**

**No. 15–10022
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 4, 2016.

Susan Hollis Rothstein–Youakim, Arthur Lee Bentley, III, Donald L. Hansen, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Robert Godfrey, Federal Public Defender's Office, Orlando, FL, Adam Joseph Nate, Federal Public Defender's Office, Tampa, FL, for Defendant–Appellant.

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Alfredo Arroyo–Gorrostieta appeals his 52–month sentence for unlawful reentry after deportation for a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, Defendant argues that the district court erred by applying a 16–level enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(A). Specifically, he argues that his prior Texas conviction for possession with intent to sell cocaine does not constitute a "drug trafficking offense" under that provision. We disagree, and thus affirm.

## I. Background

Defendant is a Mexican citizen who entered the United States as a permanent resident in 1980. In December 1997, Defendant was arrested in Texas for possession with intent to distribute marijuana. He was convicted and sentenced to 27 months, and ordered removed by an immigration judge. Pursuant to the removal order, Defendant was deported to Mexico in January 2000.

Defendant illegally reentered the United States within a year of being deported. In April 2007, Defendant was arrested in Texas for possession of cocaine with intent to deliver, in violation of Texas Health & Safety Code § 481.112(d). Defendant was convicted and sentenced to five years, and was again deported to Mexico in February 2008.

Subsequently, Defendant illegally reentered the United States a second time. The exact date of his reentry is unknown, but he was apprehended by Immigration and Custom Enforcement (ICE) agents in July 2014 in Hillsborough County, Florida. Defendant was indicted and pled guilty to one count of illegal reentry after deportation for a felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Pursuant to USSG § 2L1.2, the Pre–Sentence Report (PSR) assigned Defendant a base offense level of 8 for illegal reentry. Based on Defendant's prior Texas conviction for possession of cocaine with intent to deliver, the PSR applied a 16–level enhancement under the "drug trafficking" provision of § 2L1.2(b)(1)(A). After subtracting 3 levels for acceptance of responsibility, the PSR set Defendant's total offense level at 21, criminal history category III, yielding an advisory guideline range of 46 to 57 months.

Defendant objected at sentencing to the drug trafficking enhancement, arguing that his Texas conviction did not constitute a "drug trafficking offense." The district court rejected Defendant's argument, adopted the 46 to 57 month guideline range as calculated in the PSR, and sentenced Defendant to 52 months.

## II. Discussion

We review de novo whether Defendant's Texas conviction qualifies as a drug trafficking offense for purposes of USSG § 2L1.2(b)(1)(A). *United States v. Aguilar–Ortiz*, 450 F.3d 1271, 1272 (11th Cir. 2006). We generally use a "categorical" approach to determine whether a prior conviction supports a sentence enhance-

ment under the Guidelines.[1] *Id.* at 1273. Under this approach, we look only to the fact of the conviction, and the statutory definition of the offense, to determine whether the offense qualifies as a predicate for an enhancement. *United States v. Palomino Garcia,* 606 F.3d 1317, 1328 (11th Cir.2010) (citation and quotation marks omitted).

Section 2L1.2 sets a base offense level of 8 for a defendant convicted of unlawful reentry into the United States. USSG § 2L1.2(a). It provides for a 16–level enhancement where the defendant "previously was deported" as a result of a felony conviction for a "drug trafficking offense for which the sentence imposed exceeded 13 months." USSG § 2L1.2(b)(1)(A)(i). The commentary to this section of the Guidelines defines "drug trafficking offense" to mean:

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 2L1.2, comment (n.1(B)(iv)).[2]

The Texas statute under which Defendant was convicted criminalizes the manufacture or delivery of a controlled substance. Tex. Health & Safety Code Ann. § 481.112 (2007). It states that: "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance." *Id.* § 481.112(a). The offense "is a felony of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, ... four grams or more but less than 200 grams." *Id.* § 481.112(d).

Comparing the elements of the Texas statute with the definition of "drug trafficking offense" set out in the commentary to § 2L1.2, it is clear that the conduct prohibited by the statute qualifies for the 16–level enhancement under the Guideline. The Texas statute makes it a first degree felony to manufacture, deliver, or possess with intent to deliver a controlled substance. *Id.* § 481.112(a), (d). Likewise, the commentary to § 2L1.2 defines "drug trafficking offense" to include manufacture or distribution of a controlled substance, as well as "possession of a controlled substance ... with intent" to manufacture or distribute it. *See* 21 U.S.C. § 802(11) (clarifying that to "distribute" under federal law means "to deliver"). Thus, the plain language of USSG § 2L1.2(b)(1)(A) provides for the 16–level enhancement that the district court applied here. *See Unit-*

---

1. When a "divisible" statute covers some conduct that is within, and other conduct that is broader than, the predicate offense described in the Guidelines, we use a "modified categorical approach." *See United States v. Ramirez–Flores,* 743 F.3d 816, 820–21 (11th Cir. 2014) (explaining that the modified approach may be applied in cases involving a divisible statute that sets out alternative elements of an offense). Under the modified approach, we "may 'consult a limited class of documents ... to determine which alternative element formed the basis of the defendant's prior conviction.'" *Id.* at 820 (citing *Descamps v. United States,* — U.S. —, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013)). We do not have to consider whether the modified categorical approach applies here, because Defendant's conviction qualifies as a predicate offense under the categorical approach.

2. This definition "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, th[e] guideline." *United States v. Cruz,* 713 F.3d 600, 607 (11th Cir.2013) (citation and quotation marks omitted). Defendant concedes that the commentary is authoritative as to the relevant definition in this case.

ed States v. Madera–Madera, 333 F.3d 1228, 1233–34 (11th Cir.2003) (noting that a person convicted of possession with intent to distribute any amount of a controlled substance would be eligible for the "drug trafficking" enhancement under § 2L1.2).

Defendant nevertheless argues that the enhancement does not apply because the Texas statute (1) does not require remuneration and (2) criminalizes possession with intent to deliver a relatively small amount (four grams) of a controlled substance. In support of this argument, Defendant primarily relies on Moncrieffe v. Holder, —— U.S. ——, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013).

The issue addressed by the Supreme Court in Moncrieffe was whether the Georgia offense of "possess[ion] with intent to distribute marijuana" constituted "illicit trafficking in a controlled substance" and thus qualified as an "aggravated felony" under the Immigration and Nationality Act (INA). Moncrieffe, 133 S.Ct. at 1683–85. The INA defines "illicit trafficking in a controlled substance" to include "any felony punishable under the Controlled Substances Act" (CSA). 8 U.S.C. § 1101(a)(43)(B) (citing 18 U.S.C. § 924(c)). The Supreme Court held that the Georgia offense did not satisfy this definition, because its elements do not "necessarily" involve conduct that was punishable as a felony under the CSA. Moncrieffe, 133 S.Ct. at 1684, 1693–94. Rather, depending on the quantity of marijuana involved and whether there was remuneration, in some cases the Georgia offense involves conduct punishable only as a misdemeanor under the CSA. Id. at 1686.

Moncrieffe has no bearing on the question whether Defendant's Texas conviction qualifies as a "drug trafficking offense" under USSG § 2L1.2.[3] See United States v. Rodriguez–Bernal, 783 F.3d 1002, 1008 (5th Cir.2015) (rejecting an identical argument based on Moncrieffe ). As defined by § 2L1.2(b)(1)(A), a "drug trafficking offense" for purposes of that Guideline enhancement simply requires "possession of a controlled substance ... with intent to ... distribute" it. USSG § 2L1.2, comment (n.1(B)(iv)). That requirement is satisfied by Defendant's Texas conviction for possession of cocaine with intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (d). Because the district court did not err in imposing the 16–level enhancement provided for in § 2L1.2(b)(1)(A), Defendant's sentence is **AFFIRMED.**

---

3. Donawa v. United States Att'y Gen., 735 F.3d 1275 (11th Cir.2013) is likewise inapposite. In Donawa, we held that a Florida conviction for possession of marijuana with intent to sell did not constitute a "drug trafficking aggravated felony" for purposes of the INA. Id. at 1278. Like the Moncrieffe decision, that holding is irrelevant to the issue presented in this case: whether the Texas offense of possession with intent to deliver cocaine is encompassed by the definition of a "drug trafficking offense" under § 2L1.2(b)(1)(A).