[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10846
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00312-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE F. ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 30, 2009)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Robinson appeals his 210-month sentence, imposed following his

guilty plea for possession of a firearm by a convicted felon, in violation of 18

U.S.C. § 922(g).  Specifically, Robinson challenges the district court's

determination that he qualified for an enhanced sentence under the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which imposes a sentencing

enhancement for a defendant convicted under § 922(g) and who has three previous

convictions for violent felonies or serious drug offenses.  Robinson's enhancement

was based, in part, on his prior Alabama state court conviction for possession of

marijuana.  Thus, we must determine whether a conviction under Ala. Code § 13A-

12-213, which prohibits possession of marijuana for other than personal use, is a

qualifying predicate offense for purposes of the ACCA enhancement.  Because we

conclude that the state offense qualifies as a serious drug offense under the ACCA,

the district court properly applied the enhancement.  Because there was an error

between the oral pronouncement of sentence and the written judgment and

conviction, we vacate and remand for the limited purpose of correcting the written

judgment.

I.

Robinson pleaded guilty to one count of possession of a firearm by a

convicted felon pursuant to a written plea agreement.[1]  In determining the

---

[1] The plea agreement contained a waiver-of-appeal provision, which barred any direct or collateral attack on the conviction or sentence imposed.  After the probation officer determined that the ACCA applied, the government withdrew the waiver provision to permit Robinson to appeal his sentence.

applicable guidelines range, the probation officer concluded that Robinson qualified for an enhancement under the ACCA, 18 U.S.C. § 924(e), based on his two prior convictions for burglary and his conviction for possession of marijuana for other than personal use, in violation of Ala. Code § 13A-12-213.

Relevant to this appeal, Robinson objected to his qualification under the ACCA on the ground that, to be a serious drug offense under the ACCA, the prior conviction required possession with intent to distribute or manufacture, and the Alabama statute under which he was convicted, § 13A-12-213, did not cover distribution offenses. He asserted that applying the categorical approach to determine if the offense qualified as a predicate offense, as the court was required to do, review was limited to the charging document, jury instructions, and statutory elements of the offense. According to Robinson, although his state court indictment included the language "other than personal use," there was no record of judicial fact-finding or the plea documents that would permit the court to determine the offense involved distribution.

At sentencing, the district court concluded that possession for other than personal use necessarily implied the intent to distribute. Thus, the district court ruled that the prior conviction qualified as a predicate offense under the ACCA. As a result of the ACCA, Robinson's guidelines range was 180 to 210 months'

imprisonment.[2]  The court sentenced Robinson to 210 months' imprisonment.  In the written judgment, however, the court listed the sentence as 211 months' imprisonment.  This appeal followed.

## II.

Section 922(g) of Title 18 of the United States Code prohibits any person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing any firearm.  18 U.S.C. § 922(g).  Pursuant to § 924(e)(1), any person who violates § 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" shall be imprisoned for not less than fifteen years.  18 U.S.C. § 924(e)(1).  "Serious drug offense" is defined as including "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  We review de novo whether a prior conviction is a serious drug offense within the meaning of the ACCA.  United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005), aff'd on other grounds, 550 U.S. 192 (2007).

---

[2]  The sentencing guidelines range reflected the mandatory minimum sentence of 15 years' imprisonment.  18 U.S.C. § 924(e); U.S.S.G. § 5G1.1(c).

III.

A person commits the crime of first degree marijuana possession if, <u>inter</u>

<u>alia</u>: he possesses marijuana for other than personal use. Ala.Code

§ 13A-12-213(a). The offense is punishable as a Class C felony, with an

imprisonment range of not more than ten years, nor less than one year and one day.

Ala. Code §§ 13A-5-6(a)(3), 13A-12-213(b).

At issue in this case is whether possession of marijuana for other than

personal use under § 13A-12-213 is a serious drug offense within the meaning of

the ACCA. When determining whether a particular conviction qualifies as a

serious drug offense under § 924(e), we are generally limited to a formal

categorical approach, which looks "only to the fact of conviction and the statutory

definition of the prior offense," instead of the actual facts underlying the

defendant's prior conviction.[3] <u>Taylor v. United States</u>, 495 U.S. 575, 602, 110 S.

Ct. 2143, 2160, 109 L.Ed.2d 607 (1990); <u>see also</u> <u>Shepard v. United States</u>, 544

---

[3] The purpose of limiting sentencing courts to this categorical approach is that it avoids the "practical difficulties and potential unfairness of a factual approach." <u>Taylor</u>, 495 U.S. at 601, 110 S.Ct. at 2159; <u>see also</u> <u>Breitweiser</u>, 357 F.3d at 1254 ("The danger of having to conduct 'mini-trials' on a defendant's prior conviction counsels against looking beyond the statute of conviction."). However, if the judgment of conviction and the statute are ambiguous, the district court may look to the facts underlying the state conviction to determine whether it qualifies. <u>United States v. Llanos-Agostadero</u>, 486 F.3d 1194, 1196-97 (11th Cir. 2007). In doing so, the district court is generally limited to "relying only on the 'charging document[s], written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" <u>Id.</u> (quoting in part, <u>United States v. Aguilar-Ortiz</u>, 450 F.3d 1271, 1273 (11th Cir. 2006). In this case, there is no contention that the statute or judgment of conviction is ambiguous.

U.S. 13, 15, 125 S. Ct. 1254, 1257, 161 L.Ed.2d 205 (2005); United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004).

Here, Robinson contends that his possession conviction does not qualify as a serious drug offense because (a) he did not concede that he possessed the drugs for other than personal use and, under the categorical approach, there are no documents to establish that his possession involved other than personal use, (b) possession for other than personal use could include activities other than distribution, and (c) the statute under which he was convicted does not apply to distribution offenses. We disagree.

First, Robinson's argument is inconsistent with the categorical approach created by the Supreme Court in Taylor. The Court reaffirmed recently that a sentencing court should "consider the [prior] offense generically, that is to say . . . in terms of how the law defines the offense." Begay v. United States, 128 S. Ct. 1581, 1584 (2008). To determine whether a prior conviction is a qualifying offense, we look no further than the judgment of conviction unless the judgment of conviction and statute are ambiguous. United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006). The judgment of conviction is unambiguous and specifically states that the offense was for possession of marijuana for other than personal use.

Second, upon review of the state statute, we conclude § 13A-12-213(a)(1) covers distribution offenses. The Alabama legislature has created different offenses based on the type of drugs involved. Section 13A-12-213 prohibits possession of *marijuana* for other than personal use. In contrast, other portions of the code prohibit possession, selling, furnishing, giving away, delivering, or distributing *a controlled substance*. See Ala. Code §§ 13A-12-211, 13A-12-212 (emphasis added). Yet another prohibits trafficking of more than one kilogram of a *controlled substance*. Ala. Code § 13A-12-231.

Robinson contends that, because these other statutes address the distribution of drugs, § 13A-12-213 cannot be interpreted to apply to distribution offenses. Robinson, however, ignores the state court's own interpretation of its laws. The Alabama legislature created separate statutes applicable to *marijuana offenses*, rather than applying the more general statutes prohibiting *controlled substance* offenses. Pool v. State, 570 So.2d 1260, 1262 (Ala. Cr. App. 1990). "Where two statutes are related to the same subject and embrace the same matter, a specific or particular provision is controlling over a general provision." Pool, 570 So.2d at 1262. Because the legislature created statutes applicable to marijuana offenses separate from those statutes applicable to other types of drug crimes, the legislature intended to delineate different offenses. Here, Robinson was convicted

7

under a statute specifically addressing marijuana offenses, and therefore his crimes were not governed by the more general statutes listing possession and distribution as distinct crimes. Accordingly, because there is no separate statute specifically addressing distribution or trafficking in marijuana, the court properly interpreted § 13A-12-213 to include both possession and distribution of marijuana.

Third, § 13A-12-213 fits the definition of a serious drug offense. The ACCA requires that the prior conviction "involv[e] manufacturing, distributing, or possessing with intent to manufacture or distribute." 18 U.S.C. § 924(e)(2)(A)(ii). Although section 13A-12-213 does not define the phrase "for other than personal use," the section necessarily punishes possession for someone else's use. In other words, section 13A-12-213 punishes the possession of marijuana with the intent to distribute to another. That interpretation is consistent with interpretations of the statute by the Alabama courts. Compare Lloyd v. State, 629 So. 2d 660, 661–63 (Ala. 1993) ("Had a large quantity of marijuana been found, that would support the inference that the possession was not for personal use."), and McWhorter v. State, 588 So. 2d 951, 952 (Ala. Crim. App. 1991) (reversing conviction for possession for other than personal use, but ruling that evidence established guilt for possession for personal use when defendant was in possession of one marijuana plant, plant material containing seeds, three partially burned marijuana cigarettes, a heat lamp,

8

and light bulbs), with Gray v. State, 600 So. 2d 1076, 1077–78 (Ala. Crim. App. 1992) (conviction for possession of marijuana for other than personal use was supported by evidence that defendant was in constructive possession of brown paper bag containing 13 plastic bags of marijuana), and Harris v. State, 594 So. 2d 725, 728–29 (Ala. Crim. App. 1991) (affirming defendant's conviction for possession of marijuana for other than his personal use when law enforcement found several foil packets of marijuana in the kitchen; several partially smoked marijuana cigarettes in the kitchen and living room, some of which bore lipstick marks; and 18 packets of marijuana concealed in an eyeglass case). Also, § 13A-12-213 is a Class C felony that carries with it a maximum term of imprisonment of ten years. Because a violation of § 13A-12-213 meets the definition of "serious drug offense" under the ACCA, the district court properly applied the ACCA enhancement.

## IV.

In summary, we hold that a conviction under Ala. Code § 13A-12-213 for possession for marijuana for other than personal use qualifies as a serious drug offense for purposes of the ACCA. We therefore AFFIRM the district court's application of the enhancement and the sentence imposed. As noted, however, the district court's written judgment varies from the oral pronouncement of sentence.

9

Because the oral pronouncement controls, we VACATE and REMAND for correction of the written judgment.

**AFFIRMED in part, VACATED and REMANDED in part.**