[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15247
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

D. C. Docket No. 2:10-cr-00052-AKK-PWG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN COLEMAN, III,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 21, 2012)


Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.


PER CURIAM:

John Coleman, III appeals his 216-month sentence imposed after he pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). No reversible error has been shown; we affirm.

On appeal, Coleman argues that he should not have been sentenced as a career offender because his Alabama conviction for possessing marijuana "for other than personal use," in violation of Ala. Code § 13A-12-213(a)(1), does not qualify as a "controlled substance offense" for purposes of U.S.S.G. § 4B1.1(a).[1] We review this issue for plain error because Coleman did not raise it in the district court. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).[2]

A defendant is a career offender if, among other things, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). A "controlled substance offense" is defined as an offense under federal or state law punishable by a year or more of imprisonment "that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

---

[1]Coleman concedes that his federal felony conviction for possession with intent to distribute cocaine base qualifies as a controlled substance offense.

[2]Under plain-error analysis, Coleman must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

In examining the meaning of section 13A-12-213 in a similar context, we concluded that although it "does not define the phrase 'for other than personal use,' the section necessarily punishes possession for someone else's use. In other words, section 13A-12-213 punishes the possession of marijuana with the intent to distribute to another." United States v. Robinson, 583 F.3d 1292, 1296 (11th Cir. 2009) (emphasis added) (discussing whether section 13A-12-213 is a serious drug offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)). Based on this interpretation, a violation of section 13A-12-213 also constitutes a "controlled substance offense" for purposes of section 4B1.1.

Coleman acknowledges our decision in Robinson but argues that the case was decided wrongly because there are "rare" circumstances in which a person could possess marijuana for "other than personal use," but not have the requisite intent to distribute it. This argument fails. "[I]n determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a 'categorical' approach -- that is, we look no further than the fact of conviction and the statutory definition of the prior offense." United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007) (citing Taylor v. United States, 110 S.Ct. 2143 (1990)). Under that approach, we focus on whether "the elements of the offense, in the ordinary case" satisfy the definition of a controlled substance

offense.  See James v. United States, 127 S. Ct. 1586, 1597 (2007) (examining whether a defendant's prior conviction qualified as a violent felony for purposes of the ACCA).  Because we accept the principle that the elements of possession of marijuana "for other than personal use" -- in the ordinary case -- involve the intent to distribute it, it qualifies as a controlled substance offense.  Thus, the district court did not plainly err in sentencing Coleman as a career offender.

AFFIRMED.