[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10295
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00211-VMC-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWON STUCKEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 27, 2012)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Antwon Stuckey appeals his 235-month sentence, imposed after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Stuckey argues that he should not have been classified as an armed career criminal for two reasons.  First, his prior conviction under Fla. Stat. Ann. § 985.3141 for escape from a juvenile detention facility does not qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA").  Second, his prior drug offense convictions under Fla. Stat. Ann. § 893.13 can no longer qualify as serious drug offenses due to the statute's unconstitutionality as adjudicated in *Shelton v. Sec'y, Dep't of Corrs.*, 802 F.Supp.2d 1289 (M.D. Fla. 2011), *rev'd*, 691 F.3d 1348 (11th Cir. 2012).  According to the presentence investigation report ("PSI"), Stuckey escaped from a juvenile assessment center and ran from the police, surrendering only when he could no longer avoid being apprehended.

## I.

We review *de novo* whether a prior conviction qualifies as a violent felony under the ACCA.  *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006).  The ACCA mandates a minimum sentence of 15 years' imprisonment if a defendant who violates 18 U.S.C. § 922(g) has at least three prior convictions "for a violent felony or a serious drug offense, or both."  18 U.S.C. § 924(e)(1).  The

2

statute defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 924(e)(2)(B)(i)-(ii) (emphasis added).  The last phrase of § 924(e)(2)(B)(ii) is called the residual clause.  *United States v. Proch*, 637 F.3d 1262, 1266 (11th Cir. 2011).

The Florida statute at issue provides, in relevant part, that "[a]n escape from . . . [a]ny secure detention facility maintained for the temporary detention of children . . . [or] residential commitment facility . . . maintained for the custody, treatment, punishment, or rehabilitation of children found to have committed delinquent acts or violations of law . . . constitutes escape within the intent and meaning of [Fla. Stat. Ann.] § 944.40 and is a felony of the third degree."  Fla. Stat. Ann. § 985.3141.[1]  A "secure detention center or facility" is defined as a "physically restricting facility for the temporary care of children, pending adjudication, disposition, or placement."  *Id.* § 985.03(48).  Residential

---

[1]In 2006, the state legislature amended and renumbered this statute as Fla. Stat. Ann. § 985.721.

commitment facilities are subject to different levels of security restrictions, and range from low-risk residential facilities, which may allow youth to have unsupervised access to the community, to maximum-risk residential facilities, which do not allow youth to have access to the community.  *Id.* § 985.03(46)(b)-(e).  Under § 944.40, "[a]ny prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution . . . or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree."  *Id.* § 944.40.

In determining whether a prior conviction qualifies as a violent felony under the ACCA,  courts generally employ a categorical approach, looking no further than "the fact of conviction and the statutory definition of the prior offense." *Sykes v. United States*, 564 U.S. __, __, 131 S. Ct. 2267, 2272, 180 L. Ed. 2d 60 (2011) (internal quotation marks omitted).  But when the judgment is ambiguous, a court uses the modified categorical approach, and may look at the facts underlying the predicate conviction by consulting "any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *United States v. Palomino Garcia*, 606 F.3d 1317, 1336-37 (11th Cir. 2010).  Undisputed facts in the PSI may also be relied upon in making an ACCA assessment.  *United States v.*

4

*Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006).

We recently held that a conviction for escape from jail or from custody while being transported to or from jail, pursuant to § 944.40, categorically qualified as a violent felony under the residual clause of the ACCA. *Proch*, 637 F.3d at 1268-69. We reasoned that, like burglary, escapes from custody would likely cause "an eruption of violence" upon discovery while the police attempted to apprehend the escapee, and such an eruption clearly presents a serious potential risk of physical injury. *Id.* at 1269. Escape from custody is a "stealth crime that involves a high degree of recklessness," and is "purposeful, violent and aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police." *Id.*

Applying the modified categorical approach here, the undisputed circumstances of Stuckey's escape indicate that his conduct presented a serious potential risk of physical injury to another and is therefore indistinguishable from the escape from jail or custody offense in *Proch*. Because Stuckey's conviction for escape from a juvenile detention facility qualifies as a violent felony under the residual clause, we conclude that the district court did not err in counting the conviction for purposes of the ACCA.

II.

5

We review *de novo* whether a prior conviction qualifies as a serious drug offense under the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). A defendant in a federal sentencing proceeding may not collaterally attack the validity of prior state convictions used to enhance his sentence under the ACCA unless the convictions were obtained in violation of his right to counsel. *Custis v. United States*, 511 U.S. 485, 487, 114 S. Ct. 1732, 1734, 128 L. Ed.2d 517 (1994).

The petitioner in *Shelton* filed for federal habeas corpus relief under 28 U.S.C. § 2254, challenging the constitutionality of a Florida statute that eliminated the *mens rea* requirement for drug offenses under § 893.13. 802 F.Supp.2d at 1293. The district court, finding that § 893.13 as amended was facially unconstitutional because it violated the Due Process Clause, granted habeas relief on that basis. *Id.* at 1308. During the pendency of Stuckey's appeal, we issued an opinion reversing the district court's grant of habeas relief in *Shelton*, holding that the state court did not unreasonably apply clearly established federal law, as determined by the Supreme Court. *Shelton v. Sec'y, Dep't of Corrs.*, 691 F.3d 1348, 1353-56 (11th Cir. 2012). In doing so, we expressed "no view on the underlying constitutional question." *Id.* at 1355.

The plain language of binding precedent bars Stuckey from collaterally

6

attacking the constitutionality of his prior drug offense convictions.  Because he

did not allege that his state convictions were uncounseled, we conclude that the

district court did not err in counting them as serious drug offenses under the

ACCA.

For the aforementioned reasons, we affirm Stuckey's sentence.

**AFFIRMED.**

7