[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11674
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00366-IPJ-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM KOREY NORRIS,
a.k.a. William Corey Norris,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 31, 2014)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

On January 2, 2014, William Korey Norris pled guilty to a violation of 18

U.S.C. § 922(g)(1), felon in possession of a firearm.  Norris had previously been

convicted in Alabama on one count of robbery in the first degree, in violation of Ala. Code § 13A-8-41, and two counts of unlawful possession of marijuana in the first degree, in violation of Ala. Code § 13A-12-213(a)(1), and the District Court therefore sentenced him under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e) to a prison term of 180 months.[1]  He appeals his sentence on the ground that his two convictions for violating § 13A-12-213(a)(1), possession of marijuana for other than personal use, do not constitute "serious drug offenses" sufficient to serve as predicates for ACCA status.  He acknowledges that this court, in *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009), held that § 13A-12-213(a)(1) is a "serious drug offense," but he argues that subsequent Supreme Court precedent requires that we revisit *Robinson*'s holding.  In particular, he argues that *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), establishes that "the essential consideration of the categorical approach is whether the statutory elements of the prior offense are the same or narrower than the predicate crime as defined by the ACCA."

The ACCA states, in pertinent part:

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

---

[1]  The minimum sentence the court could impose for a violation of 18 U.S.C. § 924(e) was 15 years, i.e., 180 months.

2

(2) As used in this subsection--

(A) the term "serious drug offense" means--

. . . .

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law . . . .

18 U.S.C. § 924(e). Section 13A-12-213(a)(1) of the Alabama Code, entitled Unlawful Possession of Marihuana in the First Degree, states, in pertinent part: "(a) a person commits the crime of unlawful possession of marihuana in the first degree if . . . [h]e possesses marihuana for other than personal use . . . . (b) Unlawful possession of marihuana in the first degree is a Class C felony."

Section 13A-12-213(a)(1) is indivisible in that it does not set out an element of the offense in the alternative. We use a categorical approach to determine whether a state statute that is indivisible qualifies as an ACCA predicate offense. *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014).[2] Using that approach, in determining whether § 13A-12-213(a)(1) is "serious drug offense" under the ACCA, we examine whether § 13A-12-213(a)(1) involves distribution,

---

[2] In *Decamps*, the Supreme Court limited the use of the "modified categorical approach," in which courts may examine the facts underlying the defendant's previous conviction, to those statutes that are divisible. The formal "categorical approach" applies to all statutes that are indivisible. 133 S. Ct. at 2283-84.

manufacture, or possession with intent to distribute or manufacture. *United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005). If the statute criminalizes a range of actions, we assume that the defendant's convictions rested on the least of the acts criminalized and ascertain whether those acts are encompassed by the generic federal offenses. *Howard*, 742 F.3d at 1345. A conviction will qualify as an ACCA predicate offense only if the state statute punishes the same acts as, or narrower acts than, those defined in federal law. *Id.* (citing *Descamps*, 133 S. Ct. at 2281).

We conclude that the District Court was properly classified Norris as an armed career criminal under the ACCA. Viewing § 13A-12-213(a)(1) as a whole in light of Alabama courts' interpretation of the statute, § 13A-12-213 is the only section under which possession with intent to distribute or manufacture marijuana can be charged. Moreover, § 13A-12-213 does not apply either by its terms or based on any Alabama court's interpretation to any other form of non-personal use of marijuana. Thus, our holding in *Robinson* that § 13A-12-213 is a serious drug offense for purposes of ACCA remains good law.

AFFIRMED.