[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12630
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20006-CMA-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY BERNARD PHILLIPS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 10, 2015)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Bernard Phillips appeals his 180-month sentence, imposed after he pled guilty to possession of a firearm by a convicted felon.  At sentencing, the district court applied the statutory enhancement in the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on Mr. Phillips' three prior drug convictions under Florida Statute § 893.13(1)(a) for sale or delivery of cocaine.  The application of the ACCA resulted in a mandatory minimum sentence of 15 years.  On appeal, Mr. Phillips argues that the district court erred in determining that his three prior convictions under § 893.13(1)(a) constituted  predicate offenses under the ACCA.

We review *de novo* whether a prior conviction qualifies as a "serious drug offense" under the ACCA to enhance a defendant's sentence.  *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009).  Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions from any court "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" receives a mandatory minimum sentence of 15 years.  18 U.S.C. § 922(e)(1).  A "serious drug offense" is defined, in pertinent part, as follows:

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of then years or more is prescribed by law.

18 U.S.C. § 922(e)(2)(A)(ii).

2

In *United States v. Smith*, No. 13-15227, 2014 WL 7250963, slip op. at 11 (11th Cir. Dec. 22, 2014), we recently held that a conviction under § 893.13(1) of the Florida Statutes is a "serious drug offense" under the ACCA. Accordingly, we hold, for the reasons substantially stated in our opinion in *Smith*, that the district court did not err in concluding that Mr. Phillips' three prior convictions under § 893.13(1)(a) qualified as "serious drug offense[s]" under to the ACCA. We therefore affirm Mr. Phillips' sentence.

**AFFIRMED.**