[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14300
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80064-JIC-1

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

versus

KATAY JOSEPH,
a.k.a. Tyler Jones,
a.k.a. David Johnson,

                                    Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2015)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Katay Joseph appeals his conviction for possession of a firearm by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  He argues

that the district court erred in denying his motion to suppress guns that were found during an inventory search of the rental car that he was driving after he and his passenger were arrested during a traffic stop. Mr. Joseph bases his argument on two grounds: (1) that the traffic stop was pretextual, and therefore, violated his Fourth Amendment rights; and (2) that the inventory search was illegal because the officers failed to follow established procedures prior to searching the rental car.

Mr. Joseph also challenges his 180-month sentence. He contends that the district court erred in applying the 15-year mandatory sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because his three prior drug convictions, for violations of Florida Statute § 893.13, were not "controlled substance offenses" as defined in § 4B1.2(b) of the Sentencing Guidelines. After careful review of the parties' briefs, we affirm.

## II

In reviewing the denial of a motion to suppress, we review the district court's "findings of fact for clear error and its application of the law to those facts *de novo*." *United States v. Ramirez*, 476 F.3d 1231, 1235-36 (11th Cir. 2007). We construe all facts in the light most favorable to the party that prevailed in the district court, which, in this case, is the government. *See id.* at 1235-36. "We review *de novo* whether a prior conviction is a serious drug offense within the

2

meaning of the ACCA." *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009).

## III

Binding precedent forecloses all but one of Mr. Joseph's arguments.

As for his first claim—that the traffic stop was unlawful because it was pretextual—the Supreme Court has held that "the constitutional reasonableness of traffic stops [does not] depend[ ] on the actual motivations of the individual officers involved." *Whren v. United States*, 517 U.S. 806, 813 (1996). Accordingly, as long as an officer had "probable cause to believe that a traffic violation . . . occurred[,]" the traffic stop will be deemed lawful. *Id.* at 810. At Mr. Joseph's suppression hearing, Officers McGriff and Christoffel (the officers who conducted the traffic stop) testified that they observed Mr. Joseph operating the vehicle without wearing a seat belt, which is a traffic violation under Florida law. *See* Fla. Stat. § 316.614(4)(b). Because Mr. Joseph did not present any evidence to controvert the police officers' testimony, the district court did not clearly err in crediting that testimony and finding that the traffic stop was constitutional.

With respect to the assertion that the district court improperly applied the ACCA enhancement, we recently held that violations of § 893.13(1) of the Florida Statutes qualify as "controlled substance offenses" under § 4B1.2(b) of the

Sentencing Guidelines.  *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).  Thus, we conclude that the district court properly classified Mr. Joseph as an armed career criminal for purposes of ACCA.

Mr. Joseph's remaining argument—that the inventory search was illegal—is not foreclosed by precedent, but it is without merit.  The Supreme Court has held that inventory searches of lawfully impounded vehicles are an exception to the general warrant requirement of the Fourth Amendment.  *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987).  For an impoundment of a vehicle to be lawful, it must be done according to an established routine practice and "on the basis of something other than suspicion of evidence of criminal activity."  *Florida v. Wells*, 495 U.S. 1, 4 (1990).  The established procedure, however, need not be detailed.  *United States v. Johnson*, 777 F.3d 1270, 1277 (11th Cir. 2015).  For example, we have upheld an inventory search where the district court had indicated that a police department's policy "'permitted impoundment under the circumstances' and 'the defendant had not countered th[e] assertion.'"  *Id.*

Mr. Joseph first points to Florida's Nonresident Violator Compact, Fla. Stat. § 322.50, as evidence that the officers failed to follow established procedures.  He contends that because he was an out-of-state resident, the Compact required the officers to issue him a citation for the seat belt violation and release him on his own recognizance instead of detaining him.  Mr. Joseph's argument, however, fails

to recognize a major point—the Compact only permits a police officer to release a motorist on his promise to appear if he possesses a "driver license issued by a party jurisdiction." Fla. Stat. § 322.50, Art. III. Mr. Joseph admitted that he did not have a driver license, and the officers arrested him based on his admission. The officers also arrested the passenger, Michael Jeon-Poix, for possession of marijuana after he admitted that he had a small quantity of weed in his pocket. Thus, the officers were well within their rights to arrest both men and subsequently impound and search the rental car.

Mr. Joseph also claims that the officers violated the Riviera Beach Police Department's impoundment policy by not granting him the opportunity to call someone to recover the rental car prior to impounding it. Although the officers generally agreed with Mr. Joseph's characterization of the Department's policy, Officer McGriff testified at the suppression hearing that, due to liability concerns, police officers are only permitted to release the vehicle to its owner or the person who rented the car. Officer Christoffel testified that he did not recall finding a rental agreement or any other document that would have indicated who rented the vehicle, and under such circumstances, rental companies have requested that the Department automatically tow the vehicle without first contacting them. Again, Mr. Joseph did not offer any evidence to counter this testimony. Accordingly, the

district court did not clearly err in finding that the officers acted pursuant to the Department's policy and that the impoundment and inventory search were legal.

## IV

For the foregoing reasons, we affirm Mr. Joseph's conviction and sentence.

**AFFIRMED.**