[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11300
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00012-MW-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS CHATMAN,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 24, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Marcus Chatman appeals his 180-month prison sentence, imposed after a jury convicted him of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Chatman argues the district court erred by sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a), based on his prior convictions for possession with intent to sell cocaine, in violation of Florida Statutes § 893.13(1).  Chatman contends his prior § 893.13 convictions do not qualify as ACCA-predicate "serious drug offense[s]" under § 924(e)(2)(A)(ii) because they lack a *mens rea* requirement. [1]  Chatman's sole argument on appeal is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264, 1267–68 (11th Cir. 2014), which held convictions for possession with intent to sell a controlled substance, in violation of § 893.13(1), qualify as "serious drug offense[s]" under § 924(e)(2)(A)(ii).  We therefore affirm.

**AFFIRMED.**

---

[1]  We review de novo whether a prior conviction qualifies as an ACCA "serious drug offense." *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009).