[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11624
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20060-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENZY JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 29, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Lenzy Johnson appeals his 180 month sentence, claiming that his enhancement under the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(2)(A)(ii)) was erroneously imposed because his underlying Florida controlled substance convictions were not "serious drug offenses."

I.

When appropriate, we will "review *de novo* whether a prior conviction is a serious drug offense within the meaning of the ACCA." *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). Because Johnson failed to preserve the issue for appeal, however, we review for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). To establish plain error, Johnson must show that (1) there is an error, (2) that is plain or obvious, (3) affecting his substantial rights in that it was prejudicial and not harmless, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.* Further, the prior precedent rule holds that a prior panel's ruling is binding on all subsequent panels unless and until it is overruled by the Supreme Court or this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Under § 924(e), if a defendant is convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and he has three previous

convictions for a violent felony or serious drug offense, the mandatory minimum

prison sentence increases from 10 years to 15 years, or 180 months.  18 U.S.C.

§ 924(e); *see id.*, § 924(a)(2).  Under the Guidelines, where the § 924(e) applies

and another computation is not greater, the defendant's offense level is 33.  In

addition, under § 4B1.4(c), a minimum criminal-history category of IV applies.

*See id.*, § 4B1.4(c)(1)-(3).

> A "serious drug offense" is

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et
> seq.), the Controlled Substances Import and Export Act (21 U.S.C.
> 951 et seq.), or chapter 705 of title 46, for which a maximum term of
> imprisonment of ten years or more is prescribed by law; *or*

> (ii) *an offense under State law, involving* manufacturing, distributing,
> or *possessing with intent* to manufacture or *distribute*, *a controlled
> substance . . . , for which a maximum term of imprisonment of ten
> years or more is prescribed by law*.

18 U.S.C. § 924(e)(2)(A)(i)-(ii) (emphasis added).

Florida law punishes the sale, manufacture, delivery, or possession with

intent to sell, manufacture cocaine as a second degree felony.  *See* Fla. Stat.

§ 893.13(1)(a)(1).  Second-degree felonies are punishable by up to 15 years'

imprisonment.  *Id.* § 775.082(3)(d).  The sale, manufacture, delivery, or

possession, with intent to sale, of marijuana is a third degree felony.

*Id.* § 893.13(1)(a)(2).  Third-degree felonies are punishable up to five years'

imprisonment.  *Id.* § 775.082(3)(e).  However, if a defendant commits qualifying

3

underlying convictions, a sentence may be enhanced under the Florida habitual offender statute. *Id.* § 775.084. A third degree felony is enhanced to ten years' imprisonment, and a second degree felony is enhanced to thirty years' imprisonment. *Id.* § 775.084(4)(a).

"When determining whether a particular conviction qualifies as a serious drug offense under § 924(e), [this Court is] generally limited to a formal categorical approach, which looks 'only to the fact of conviction and the statutory definition of the prior offense,' instead of the actual facts underlying the defendant's prior conviction." *Robinson*, 583 F.3d at 1295 (quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160, 109 L. Ed. 2d 607 (1990)).

In *United States v. Descamps*, a defendant challenged his enhancement under the ACCA, arguing that his prior burglary offense was not a "violent felony." 133 S. Ct. 2276, 2295, 186 L. Ed. 2d 438 (2013). The Supreme Court held that courts may not apply the modified categorical approach to sentencing under the ACCA when the crime for which the defendant was convicted has a single, indivisible set of elements. *Id.* at 2281-82. Therefore, the Supreme Court found the defendant's California burglary conviction could not support enhancement under the ACCA because California's definition of burglary punished conduct outside of the generic definition of burglary. *Id.* at 2293.

4

In *United States v. Smith,* we faced a situation where a defendant argued that his prior Florida Statute § 893.13 convictions were not "serious drug offenses" under the ACCA.  775 F.3d 1262, 1266-67 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2827 (2015).  In finding that the convictions supported enhancement, we held that we "need not search for the elements of 'generic' definitions of 'serious drug offense'" because that term is "defined by a federal statute."  *Id.* at 1267.

In *Mellouli*, a defendant argued that his Kansas conviction for drug paraphernalia was not a qualifying conviction under the deportation statute, 8 U.S.C. § 1227.  135 S. Ct. 1980, 1985, 192 L. Ed. 2d 60 (2015).  The Supreme Court held that the defendant's prior conviction did not support deportation because no element of the defendant's Kansas conviction connected to an element under 18 U.S.C. § 802.  *Id.* at 1991.  Significantly, the Court stated its application of the categorical approach in this case was reserved only for immigration cases. *Id.* at 1986.

Johnson's claim is foreclosed by the prior precedent rule and *Smith.*  First, Johnson's reliance on *Descamps* is misguided because it was published prior to *Smith* and thus *Smith* is presumed to have followed it.  Further, under *Smith*, Johnson's prior § 893.13 convictions fall within the plain meaning of "serious drug offense" because his convictions were for possessing cocaine and marijuana, for which the maximum terms of imprisonment exceed 10 years.  Johnson's reliance

upon is *Mellouli* is also unwarranted.  In that case, the defendant was a lawful permanent resident who was convicted of possession of drug paraphernalia.  *Id.* at 1983.  The case involved another state's statute (Kansas) being applied to an immigration statute, not the ACCA.  The *Mellouli* decision is not on point both because it involves a state statute very different from Florida's § 893.13(1)(a), and also because it involves the immigration statute, again very different from the ACCA.  *Mellouli* neither abrogates our *Smith* decision nor does it enable Johnson to surmount the hurdle of plain error review.  Accordingly, we affirm.

**AFFIRMED.**