[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11267
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-24110-MGC,
1:14-cr-20140-MGC-1

KIM BELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2017)

Before ED CARNES, Chief Judge, MARCUS, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kim Bell pleaded guilty to possession with intent to distribute cocaine

(Count 3), possession of a firearm in furtherance of a drug trafficking offense

(Count 4), and being a felon in possession of a firearm (Count 5).[1]  Because he had at least three prior convictions that qualified as predicate offenses under the Armed Career Criminal Act (ACCA), the district court enhanced his sentence and imposed a total sentence of 240 months imprisonment:  concurrent 180-month sentences for Counts 3 and 5, followed by a 60-month sentence for Count 4.  It also determined that Bell was a career offender under the United States Sentencing Guidelines.

Bell did not appeal, but he later filed a 28 U.S.C. § 2255 motion to vacate his sentence based on the Supreme Court's intervening decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015).  He contended that his two prior robbery convictions no longer qualify as predicate offenses under the ACCA in light of the Johnson decision, that his four prior drug convictions do not qualify as predicate offenses under the ACCA because Florida's drug statute does not contain a mens rea element, and that, as a result, he is innocent of the ACCA enhancement.[2]  The district court denied his § 2255 motion but issued a certificate

---

[1] In exchange for his guilty plea, the government moved to dismiss Counts 1 and 2, which charged Bell with possession with intent to distribute cocaine.

[2] Bell also purports to challenge his status as a career offender under the sentencing guidelines, but such claims are not cognizable in a § 2255 motion.  See Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (explaining that "erroneously designating a defendant as a career offender" is not cognizable in a § 2255 motion because it is "not a fundamental defect that inherently results in a complete miscarriage of justice").  Although a prisoner "may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated," id. at 1139, Bell has not alleged either of those two grounds.

2

of appealability "because of recent and pending developments with the [ACCA], 18 U.S.C. § 924(e)."  Proceeding pro se, Bell appeals.

When reviewing a district court's denial of a § 2255 motion to vacate a sentence, "we review legal issues de novo and factual findings under a clear error standard."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  We review de novo whether an offense qualifies as a "serious drug offense" as defined in the ACCA.  See United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009).

Under the ACCA, a defendant convicted as a felon in possession of a firearm is subject to a mandatory minimum sentence of 15 years if he has three prior convictions for a serious drug offense or violent felony.  See 18 U.S.C. § 924(e)(1).  The ACCA defines a "serious drug offense," in relevant part, as an offense under state law involving manufacturing, distributing, or possessing with intent to distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law.  Id. § 924(e)(2)(A).  It defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that

3

presents a serious potential risk of physical injury to another."  18 U.S.C.

§ 924(e)(2)(B) (emphasis added).

The last clause in the definition of "violent felony" is known as the "residual

clause."  See Johnson, 135 S. Ct. at 2556.  In the Johnson decision, the Supreme

Court struck down the residual clause as unconstitutionally vague.  See id. at 2563.

The Johnson decision did not affect the ACCA's definition of "serious drug

offenses."  See generally id.

At Bell's sentence hearing, the district court determined that he had six prior

Florida felony convictions that qualify as ACCA predicate offenses:  a 1986

conviction for possession with intent to sell or deliver cocaine; a 1990 conviction

for robbery; a 1994 conviction for the sale, manufacture, or delivery of cocaine; a

1996 conviction for robbery; a 2006 conviction for possession with intent to sell,

deliver, or manufacture cocaine; and a 2007 conviction for possession with intent

to sell, deliver, or manufacture cocaine.  Bell now argues that because of the

Johnson decision, his two robbery convictions no longer count as predicate

offenses and he no longer qualifies as an armed career criminal.  We do not need to

reach that argument because even if the Johnson decision did mean that his robbery

convictions are not violent felonies under the ACCA, he would still qualify as an

armed career criminal based on his four prior drug convictions.  See 18 U.S.C.

4

§ 924(e)(1) (requiring only "three previous convictions . . . for a violent felony or a serious drug offense").

Bell contends, however, that those four drug convictions — all violations of § 893.13(1) of the Florida Statutes — do not qualify as predicate felonies under the ACCA because § 893.13 contains no mens rea element. But in this Court's decision in United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014), we explained that the definition of "serious drug offense" does not "require[ ] that a predicate state offense include[ ] an element of mens rea with respect to the illicit nature of the controlled substance." As a result, we held that a violation of § 893.13(1) is a "serious drug offense" under the ACCA. Id.

Under our binding precedent, Bell's four prior Florida drug convictions qualify as "serious drug offenses" under the ACCA, see id., and the Johnson decision does not change that result.[3] The district court did not err in denying his § 2255 motion.

**AFFIRMED.**

---

[3] Bell argues for the first time on appeal that some of his prior convictions do not qualify as ACCA predicate offenses because they were not assigned criminal history points and because they were too old. But because he did not raise that argument in the district court, he has waived it. See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

5