[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10234
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00037-MW-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE LEE SHULAR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 5, 2018)

Before MARCUS, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Eddie Shular appeals his 180-month sentence, imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after he pled guilty to possession with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Shular argues that the district court erred in determining that his Florida prior drug convictions qualified as predicate ACCA felonies.  Specifically, he maintains that our decision in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), is incorrect, and that his convictions under Fla. Stat. § 893.13 are not qualifying "serious drug offenses" under the ACCA because the Florida statute lacks a mens rea requirement.

We review de novo whether a prior conviction is a predicate offense within the meaning of the ACCA.  *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009) (per curiam).  But this Circuit has a strong prior panel precedent rule, which mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

2

The appellant does not make any arguments in his initial brief, apart from those alleging that our decision in *Smith*, 775 F.3d at 1262, is incorrect.[1] We may not deviate from *Smith*'s holding, *see Archer*, 531 F.3d at 1352, so we affirm.

**AFFIRMED.**

---

[1] He tacitly acknowledges that we must affirm, by noting that he makes his argument "[i]n the interest of preserving the issue for potential en banc or Supreme Court review." Blue Br. at 8.

3