[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13557
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00247-TFM-B-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSIE ANTHONY PARKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 2, 2020)

Before MARTIN, JILL PRYOR and LAGOA, Circuit Judges.

PER CURIAM:

Jessie Parker appeals his convictions and 360-month sentence for possession with the intent to distribute marijuana, possession with the intent to distribute cocaine, and for being a felon in possession of a firearm.  After careful review. We affirm.

## I.    BACKGROUND

A grand jury charged Jessie Parker with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1) (Count 2); knowingly possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and two counts of being a felon in possession of a firearm (Counts 4 and 5), in violation of 18 U.S.C. § 922(g)(1). The charges stemmed from the execution of search warrants at several residences to which Parker was connected.  Law enforcement officers discovered drugs and firearms at these residences.  Parker pled not guilty to the charges and the case proceeded to trial.

As relevant to this appeal, the government called Mobile County Sheriff's Office Deputy John McLain, who was assigned to the office's narcotics section. McLain testified that he had a total of 38 years of law enforcement experience and had worked narcotics cases for approximately 20 years.  McLain explained, without objection, that when executing a narcotics related search warrant "99.9

percent of the time you will find some kind of firearm at the residence." Doc. 118 at 68.[1] McLain later estimated that "about 90 percent of the time, 95 percent of the time you'll find some kind of firearm on a drug search warrant." *Id.* at 98. Parker objected and argued that McLain was offering expert testimony when the government had not qualified him as an expert. The government responded that McLain's testimony was lay testimony based on his experience, and the district court overruled the objection. McLain further explained that drug dealers often possess guns to protect their drugs and money from "other drug dealers or other bandits." *Id.* at 98-99.

Three other sheriff's office deputies testified similarly, with no objection from Parker. *See id.* at 159-61 (Deputy Andrew Alan O'Shea, a 30-year law enforcement veteran, testified that he encountered firearms in drug trafficking investigations "[p]robably 90 percent of the time," mainly for protection); *id.* at 184-86 (Deputy Alvin Latiner, a 16-year law enforcement veteran, testified that he encountered firearms in "[p]robably 95 percent" of drug trafficking investigations and that the firearms were used for protection); *id.* at 205-07 (Deputy Keith Wilson, a 21-year law enforcement veteran, testified that "[n]ine out of 10 guys we've . . . come in contact with distributing drugs are usually armed" for protection).

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

A jury found Parker guilty on Counts 1, 2, and 4, acquitting him of Counts 3 and 5.

In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR").  The PSR calculated a base offense level of 24 based on the quantity of drugs at issue.  The PSR calculated a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because Parker possessed a dangerous weapon and a "Chapter Four" enhancement under U.S.S.G. § 4B1.4(b)(2) because Parker had at least three prior convictions for a violent felony or serious drug offense, or both, and thus was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2).  These resulted in a total offense level of 37.  With a criminal history category of VI, Parker's resulting guidelines range was 360 months' to life imprisonment.  The PSR detailed Parker's past juvenile and adult convictions.  Specifically, Parker had three prior Alabama convictions under Ala. Code § 13A-12-213 for possession of marijuana in the first degree.  Parker received a youthful offender adjudication for one of those convictions.

Before sentencing, Parker objected to the ACCA enhancement.  He objected to the use of his possession of marijuana convictions as predicate offenses, arguing that ACCA requires an element of distribution for a conviction to be considered a "serious drug offense," 18 U.S.C. § 924(e)(2)(A).  The probation office responded that Parker's indictments for these offenses indicated that his possession was for

4

purposes other than personal use.  At sentencing, the government produced the indictments for these prior convictions.  The district court overruled Parker's objection.

The district court adopted the PSR, including its guidelines calculations. The court sentenced Parker to a total of 360 months' imprisonment, including 120 months as to Count 1 and 360 months as to Counts 2 and 4, all to run concurrently. Parker made no further objections relevant to this appeal.

This is Parker's appeal.

## II.    STANDARDS OF REVIEW

To preserve an issue at trial for appeal, a party must raise an objection "that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought.  A general objection or an objection on other grounds will not suffice." *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986), *modified on other grounds by United States v. Dennis*, 804 F.2d 1208 (11th Cir. 1986).  We review for plain error when a defendant fails to contemporaneously object to an evidentiary ruling.  *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).  To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects his substantial rights.  *Id*. at 1275-76.  No plain error can exist when "the explicit language of a statute or rule does not specifically resolve an issue" and "there is no precedent

from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

### III.    DISCUSSION

Parker challenges his convictions and his sentence.  As to his convictions, Parker argues that the district court erred in admitting the law enforcement officers' testimony regarding the percentage of time firearms were found in drug-related investigations.  He contends that the testimony permitted the improper inference that because Parker was involved in drug-related activity, "there was a near mathematical certainty that surrogates possessed firearms on his behalf." Appellant's Br. at 12.  As to his sentence, Parker argues that the district court erred in deeming him an armed career criminal, contending that he does not have the requisite three predicate offenses.  Specifically, Parker contends that "[o]ne of the three ACCA predicate 'convictions' is not a conviction at all, rather it is an adjudication under the Alabama Youthful Offender Act," which, he argues, fails to satisfy ACCA's standards.  *Id.* at 13.

Plain error review applies to both of Parker's challenges because the objections he made to the district court differ from the arguments he raises on appeal.[2]  *Dennis*, 786 F.2d at 1042.  We discern no plain error.  First, Parker has

---

[2] Although Parker objected at trial to part of one deputy's testimony, he did so only on the basis that the deputy was offering expert testimony under Federal Rule of Evidence 702.  On

6

failed to show that the district court plainly erred in admitting the four deputies' testimony. Parker argues that the testimony regarding the percentages of time the deputies found firearms in conjunction with drug-related search warrants was not proper lay opinion under Federal Rule of Evidence 701. Rule 701 limits lay opinion testimony to testimony that is "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701. This rule does not "specifically resolve" the issue Parker has identified in his favor. *Lejarde-Rada*, 319 F.3d at 1291. Nor does any other statute, rule, or binding precedent deem inadmissible the deputies' testimony regarding how often they find firearms when executing drug-related search warrants. *Id.* We therefore discern no reversible error and affirm Parker's convictions.

Second, Parker has not demonstrated that the sentence the district court imposed was plainly erroneous. Parker argues that one of the three offenses the district court used to enhance his sentence was not a conviction at all, but rather a youthful offender adjudication, and that even if it were considered a conviction it

---

appeal, however, Parker acknowledges that "the four officer[s'] opinions are not based on technical, or other specialized knowledge," and so they were not expert testimony. Appellant's Br. at 14. Further, although Parker objected in the district court to the enhancement of his sentence under ACCA, he made no argument about the youthful offender adjudication he received as to one of his offenses.

would not qualify as an ACCA predicate because the maximum sentence for such an adjudication, three years, fails to meet the 10-year requirement for a conviction to qualify as a "serious drug offense" predicate.

Parker may be correct under a *de novo* standard of review, but he cannot show plain error.  Neither this Court nor the Supreme Court has addressed whether an Alabama youthful offender adjudication may qualify as an ACCA predicate. *See United States v. Elliot*, 732 F.3d 1307, 1312-13 & n.5 (11th Cir. 2013) (declining to express an opinion on "the interaction of the ACCA and [Alabama's] Youthful Offender Act" while deciding that a youthful offender adjudication can qualify as a felony conviction under the career offender provision of the Sentencing Guidelines).  For ACCA purposes, "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20). Alabama's youthful offender scheme, however, does not "specifically resolve" Parker's challenge in his favor.  *Lejarde-Rada*, 319 F.3d at 1291.  An adjudication under the Alabama youthful offender statute "shall not be deemed a conviction of crime," but "if [the defendant] is subsequently convicted of a crime, the prior adjudication as youthful offender shall be considered."  Ala. Code § 15-19-7. Although this suggests that state law may deem a youthful offender adjudication a conviction upon a later conviction, individuals treated as youthful offenders face a

8

maximum sentence of three years' imprisonment, short of the 10 years required for an offense to qualify as a "serious drug offense" under ACCA. *See* 18 U.S.C. § 924(e)(2)(A); Ala. Code § 15-19-6(a)(4). Parker, however, has not pointed to any case or rule establishing that a federal court using a prior Alabama youthful adjudication to enhance a sentence should consider three years as the statutory maximum rather than the statutory maximum sentence set by the statute the individual violated. If it is the latter, then Parker's youthful offender adjudication could qualify as an ACCA predicate because a conviction under Ala. Code § 13A-12-213 carries a statutory maximum sentence of 10 years and therefore satisfies ACCA's "serious drug offense" definition. *See United States v. Robinson*, 583 F.3d 1292, 1296-97 (11th Cir. 2009) (citing Ala. Code §§ 13A-5-6(a)(3), 13A-12-213(b)).

Based upon this information, we cannot say that the district court plainly erred in counting Parker's youthful offender adjudication as a conviction and an ACCA predicate offense. We therefore affirm Parker's sentence.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Parker's convictions and sentence.

**AFFIRMED.**