[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16403
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00171-JDW-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BERNARD WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 23, 2017)

Before MARCUS, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Anthony Bernard Williams appeals his 180-month sentence imposed on the basis of his armed-career-criminal status after his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Williams argues that the district court erred in applying 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA") to his sentence. That provision imposes a statutory minimum sentence of fifteen years. Williams contends that it does not apply to him because his underlying convictions for Florida robbery, aggravated assault, and sale of cocaine do not qualify as predicate offenses under the ACCA.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm, who has three or more prior convictions for a "violent felony" or "serious drug offense," faces a mandatory minimum fifteen-year sentence. *See* 18 U.S.C. § 924(e)(1). We review de novo whether a prior conviction is a violent felony or a serious drug offense within the meaning of the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated-crimes" clause and what is commonly called the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague.  So as far as the definition of "violent felony" goes, that left available only the ACCA's elements and enumerated-offense clauses.  *Id.* at 2563.  With respect to the prior convictions that the district court concluded qualified as "violent felon[ies]" in enhancing Williams's sentence under the ACCA, this case involves only the elements clause.

As for the definition of a "serious drug offense" under the ACCA, that is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," that carries a maximum term of imprisonment of ten years or more.  18 U.S.C. § 924(e)(2)(A)(ii).

In deciding whether a prior conviction qualifies as a violent felony or a serious drug offense, we typically apply a categorical approach.  As relevant here, the categorical approach requires us to look at only the fact of conviction and the

3

prior offense's statutory definition and evaluate whether any element of the statutory crime satisfies the elements clause of the "violent felony" definition or whether the crime meets the definition of a "serious drug offense" under the ACCA. *See United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1273 (11th Cir. 2006).

But when the law under which a defendant was convicted contains alternative elements, some of which would render the offense a qualifying offense and some of which would not, we apply a modified categorical approach. *Johnson v. United States*, 559 U.S. 133, 144 (2010). We describe such a statute as "divisible." *See United States v. Estrella*, 758 F.3d 1239, 1245-46 (11th Cir. 2014). Under the modified categorical approach, the district court determines which alternative element served as the basis for conviction by consulting a narrow universe of documents, including any charging documents, the plea agreement, the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *United States v. Palomino Garcia*, 606 F.3d, 1317, 1337 (11th Cir. 2010).

We first consider whether Williams's Florida robbery conviction qualifies as a "violent felony." In the district court, Williams argued that his conviction was for robbery, not armed robbery. But under our precedent, resolving this issue makes no difference to whether the conviction qualifies as a "violent felony."

4

Florida's robbery statute, which encompasses both robbery and armed robbery, requires a taking in which "the use of force, violence, assault, or putting in fear" occurs. Fla. Stat. § 812.13(1). In *United States v. Dowd*, we held that a conviction for Florida armed robbery was "undeniably a conviction for a violent felony," citing the ACCA's elements clause. 451 F.3d 1244, 1255 (11th Cir. 2006).

We next considered the Florida robbery statute in *United States v. Lockley*, holding that a conviction for attempted robbery was a crime of violence under the career-offender guideline's elements clause, which is identical to the ACCA's elements clause. 632 F.3d 1238, 1246 (11th Cir. 2011). Analyzing the least culpable of the acts in § 812.13(1), we stressed that "putting in fear" involves an act causing the victim to fear death or great bodily harm and stated that we can "conceive of no means by which a defendant could cause such fear absent a threat to the victim's person." *Id.* at 1244. We recently reaffirmed that both *Dowd* and *Lockley* have not been abrogated and remain good law. *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016), *petition for cert. filed*, (Feb. 9, 2017 (No. 16-7883)). As a result, Williams's robbery conviction—whether for robbery or armed robbery—qualifies as an ACCA predicate.

Turning now to Williams's aggravated-assault conviction, we have held that such a conviction will always include as an element the threatened use of physical

force against another person, so aggravated assault categorically qualifies as a violent felony under the ACCA. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013) (*abrogated in part on other grounds*, *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). This is so, we concluded, because, by its own terms, the offense requires a threat to do violence to the person of another. *Id.*

Williams challenges *Turner*'s continuing validity, in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013). But we recently reaffirmed *Turner*'s precedential force in *United States v. Golden*, 854 F.3d 1256, 1256-57 (11th Cir. 2017). And under the prior-panel precedent rule, we are bound by *Turner*'s holding unless and until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or by us, sitting en banc. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). As a result, Williams's aggravated-assault conviction constitutes a "violent felony" under the ACCA.

Finally, we consider Williams's conviction for sale of cocaine. Applying the modified categorical approach, we review Williams's felony information. Williams was charged with violating Fla. Stat. § 893.13(1)(a)(1). That provision punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine as a second-degree felony. Fla. Stat. §

893.13(1)(a)(1).   Second-degree felonies are punishable by up to fifteen years' imprisonment.  *Id.* § 775.082(3)(d).

We have held that a violation of Fla. Stat. § 893.13(1)(a)(1) qualifies as a serious drug offense under the ACCA because it involves the manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance and is punishable by at least ten years of imprisonment.  *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014).

As a result, binding precedent forecloses Williams's arguments against his classification as an armed career criminal under the ACCA.  Accordingly, we affirm.

**AFFIRMED.**